1   **Bruce E. Disenhouse (SBN 078760)**
    *bdisenhouse@krsattys-riv.com*
2   KINKLE, RODIGER AND SPRIGGS
    Professional Corporation
3   3333 Fourteenth Street
    Riverside, California 92501
4   (951) 683-2410
    FAX (951) 683-7759
5

6   Attorneys for Plaintiff and Use Plaintiff,
    BILL LOWE DEVELOPMENTS
7

8                   **UNITED STATES DISTRICT COURT**

9           **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  BILL LOWE DEVELOPMENTS, a         ) CASE NO.: '08 CV 0603 L BLM
    business entity, and THE UNITED   )
12  STATES OF AMERICA For The Use     ) COMPLAINT OF BILL LOWE
    And Benefit Of BILL LOWE          ) DEVELOPMENTS FOR:
13  DEVELOPMENTS                      )
                                      ) 1.   PAYMENT BOND;
14              Plaintiff,            ) 2.   BREACH OF CONTRACT;
                                      ) 3.   WORK AND LABOR;
15  vs.                               ) 4.   CONVERSION; and,
                                      ) 5.   INSURANCE BAD FAITH
16  WESTERN INSURANCE COMPANY,        )
    a business entity form unknown;   )
17  ZURICH NORTH AMERICAN             )
    SURETY, a business entity form    )
18  unknown; CORNERSTONE BUILDING     )
    GROUP, a business entity form     )
19  unknown; and PALOMAR GRADING      )
    AND PAVING, INC., a California     )
20  Corporation                       )
                                      )
21                                    )
                Defendants.           )
22                                    )
                                      )
23  _____)

24  ///

25  ///

26  ///

27

28

BILL LOWE DEVELOPMENTS respectfully alleges:

## I.

## FIRST CAUSE OF ACTION

### (Payment Bond)

1.     Jurisdiction in this cause is conferred by Title 40 of the United States Code, §270 (a) (b) as amended, and by the Doctrine of Pendent Jurisdiction.

2.     Bill Lowe Developments (hereinafter referred to as "**LOWE**") is, and at all time herein mentioned was, a business organized and existing under and by virtue of the laws of the State of California and was and is duly licensed to perform the work of a contractor.

3.     Defendant Palomar Grading and Paving, Inc. (hereinafter referred to as "**PALOMAR**") is, and at all time herein mentioned was, a Corporation organized and existing under and by virtue of the laws of the state of California and was and is duly licensed to perform the work of a contractor, and at all times used only licensed subcontractors to perform the subject work.

4.     **LOWE** is informed and believes, and based thereon alleges that Defendant Western Insurance Company, a California corporation, ("**WESTERN**") is and at all time herein mentioned was, a business entity existing under and by virtue of the laws of the State of California, engaged in the business of insurance in the State of California, and doing business in the State of California as a corporate surety of bonds required by the United States of America and its various agencies.

5.     LOWE is informed and believes, and based thereon alleges that Defendant Zurich North American Surety, a California corporation, ("**ZURICH**") is and at all time herein mentioned was, a business entity existing under and by virtue of the laws of the State of California, engaged in the business of insurance in the State of California, and doing business in the State of California as a corporate surety of bonds required by the United States of America and its various agencies.

6.     Defendant Cornerstone Building Group (hereinafter referred to as

1  **CORNERSTONE**") is, and at all times herein mentioned was, a Corporation

2  licensed and existing under and by virtue of the laws of the State of California,

3  engaged in the construction business in California.

4       7.    **LOWE** is informed and believes, and thereon alleges, that United States

5  Navy is, and at all relevant times was, the owner and/or reputed owner of an interest

6  in the property known as Smart Clinic, upon which the construction and actions that

7  are the subject of this lawsuit were being performed.  (hereinafter referred to as

8  "**THE PROJECT.**")

9       8.    On or about September 30, 2006, **CORNERSTONE** entered into a written

10 contract with the United States Navy, commonly referred to or identified as contract

11 number N62473-06-G-1035, Delivery Order 0020,  for the construction or

12 reconstruction of the facility which construction is referred to herein as **THE**

13 **PROJECT.**

14      9.    Thereafter, **CORNERSTONE** as principal and **WESTERN** as surety duly

15 executed, obtained or issued a payment Bond dated on or about October 6, 2006

16 pursuant to and in accordance with the provisions of Title 40 of the United States

17 Code, section 270(a), in the total amount of $569,902.00 (hereinafter referred to as

18 the "**BOND**").

19      10.   The **BOND** guarantees, jointly and severally, payment of persons

20 supplying labor and material for the prosecution of the construction work at **THE**

21 **PROJECT**.  As required, in the **BOND** was presented or delivered to the United

22 States of America, and accepted by it, thereby guaranteeing payment for those

23 supplying labor and materials on **THE PROJECT** such as **PALOMAR** and

24 **LOWE**.

25      11.   Thereafter, **PALOMAR** as principal and **ZURICH** as surety duly

26 executed, obtained or issued a payment Bond dated on or about December 22, 2006

27 under bond Number 8868935 pursuant to and in accordance with the provisions of

28

1   Title 40 of the United States Code, section 270(a), in the total amount of

2   $382,000.00 (hereinafter referred to as the "**BOND2**").

3       12.  **BOND2** guarantees, jointly and severally, payment of persons supplying

4   labor and material for the prosecution of the construction work at **THE PROJECT**

5   on behalf of **PALOMAR**. **BOND2** thereby guaranteeing payment for those

6   supplying labor and materials on THE PROJECT on behalf of **PALOMAR** such as

7   **LOWE**.

8       13.  **CORNERSTONE** created a written contract that was dated October 6, and

9   signed by **PALOMAR** November 3, 2006, in regard to the renovation operations at

10   the **PROJECT**.  In addition to the original written contract, **PALOMAR** and

11   **CORNERSTONE** entered various written change orders and other agreements that

12   should have been the subject of written change orders in relation to additional work

13   or services. (hereinafter collectively referred to as the "**CONTRACT**.")

14       14.  **PALOMAR** based upon the **CONTRACT** therein created a written sub-

15   contract that was dated October 19, and signed by **PALOMAR** and **LOWE** October

16   19, 2006 in regard to the renovation operations at the **PROJECT**. In addition to the

17   original written sub-contract, **PALOMAR** and **LOWE** entered various written

18   change orders and other agreements that should have been the subject of written

19   change orders in relation to additional work or services. (herein collectively referred

20   to as the "**SUB-CONTRACT**.")

21       15.  Pursuant to the **CONTRACT, PALOMAR** furnished labor and materials

22   for the works of improvement at **THE PROJECT**. Except to the extent prevented or

23   excused, **PALOMAR** has satisfactorily completed all of its obligations under the

24   **CONTRACT**.

25       16.  Pursuant to the **SUB-CONTRACT, LOWE** furnished labor and materials

26   for the works of improvement at **THE PROJECT**. Except to the extent prevented

27   or excused, **LOWE** has satisfactorily completed all of its obligations under the **SUB-**

28   **CONTRACT**.

17.  As a result of the completion of **PALOMAR's** portion of the work at **THE PROJECT, CORNERSTONE** became indebted to **PALOMAR** in the amount of $175,080.70 or an amount that will be the subject of proof at the time of trial, which amount exceeds the Jurisdictional requirements of the Court. **CORNERSTONE** received payment in full for its contract amount and actually received payment from the United States Navy for the work of **PALOMAR**, which is the subject of this lawsuit. **PALOMAR** is informed and believes that **CORNERSTONE** obtained payment from the Navy for the work of **PALOMAR** by representing or agreeing that it would pay **PALOMAR**. **CORNERSTONE** has subsequently retained the sums provided to it by the Navy for the work of **PALOMAR** and **CORNERSTONE** has continued to fail or refuse to pay **PALOMAR** the sums that are owed.

18.  As a result of the completion of **LOWE's** portion of the work at **THE PROJECT, PALOMAR** became indebted to **LOWE** in the amount of $154,449.33 or an amount that will be the subject of proof at the time of trial, which amount exceeds the Jurisdictional requirements of the Court. **PALOMAR's** indebtedness to **LOWE** is not subjected to or conditioned upon **PALOMAR** receiving payment from **CORNERSTONE**.

19.  **LOWE** is informed and believes, and thereon alleges, that **CORNERSTONE** received payment in full for its contract amount and actually received payment from the United States Navy for the work of **PALOMAR** and the work of **LOWE**, which is the subject of this lawsuit.

20.  **LOWE** is informed and believes that **CORNERSTONE** obtained payment from the Navy for the work of **PALOMAR** and **LOWE** by representing or agreeing that it would pay **PALOMAR**.

21.  **LOWE** is informed and believes, and thereon alleges, that **CORNERSTONE** has subsequently retained the sums provided to it by the Navy for the work of **PALOMAR** and **LOWE** and **CORNERSTONE** has continued to

1  fail or refuse to pay **PALOMAR** the sums that are owed.  And subsequently

2  **PALOMAR** has continued to fail or refuse to pay **LOWE** the sums that are owed.

3     22.  **LOWE** is informed and believes, and thereon alleges, that **PALOMAR**

4  was required to and did file a Bond Claim with **WESTERN** in relation to the **BOND**

5  in accordance with or pursuant to the Miller Act, for the amounts constituting the

6  value of the services and the materials that **PALOMAR** provided at **THE**

7  **PROJECT**. That Bond Claim was denied and the subject amounts remained unpaid

8  at the time this action was filed.

9     23.  **LOWE** justifiably relied upon representations by **PALOMAR** concerning

10  payment of the monies owed and based upon those representations by **PALOMAR**

11  did not initial file a Bond Claim with **WESTERN** in relation to the **BOND** as a

12  second tier contractor in accordance with or pursuant to the Miller Act.  However

13  based upon **CORNERSTONE** and **PALOMAR's** continued failure to pay, **LOWE**

14  has now filled Bond Claim with **WESTERN** in relation to the **BOND** as a second

15  tier contractor in accordance with or pursuant to the Miller Act, for the amounts

16  constituting the value of the services and materials that **LOWE** provided at **THE**

17  **PROJECT**.

18     24.  Further **LOWE** justifiably relied upon representations by **PALOMAR**

19  concerning payment of the monies owed and based upon those representations by

20  **PALOMAR** did not initial file a Bond Claim with **ZURICH** in relation to the

21  **BOND2** as a sub-contract to **PALOMAR** in accordance with or pursuant to the

22  Miller Act and the terms and conditions of the **SUB-CONTRACT**.  However based

23  upon **CORNERSTONE** and **PALOMAR's** continued failure to pay, **LOWE** has

24  now filled a Bond Claim with **WESTERN** in relation to the **BOND** as a second tier

25  contractor in accordance with or pursuant to the Miller Act, for the amounts

26  constituting the value of the services and materials that **LOWE** provided at **THE**

27  **PROJECT**.

28     25.  Further based upon **CORNERSTONE** and **PALOMAR's** continued

1  failure to pay, **LOWE** has now filled a Bond Claim with **ZURICH** in relation to the

2  **BOND2** as a sub-contract to **PALOMAR** in accordance with or pursuant to the

3  Miller Act and the terms and conditions of the **SUB-CONTRACT**, for the amounts

4  constituting the value of the services and materials that **LOWE** provided at **THE**

5  **PROJECT** pursuant to the terms and conditions of the **SUB-CONTRACT**.

6      26.  **LOWE** is informed and believes, and thereon alleges, that **PALOMAR's**

7  Bond Claim was denied and based upon that **LOWE** is informed and believes, and

8  thereon alleges, that **LOWE's** Bond Claims will also be denied and the subject

9  amounts will remain unpaid at the time this action was filed.

10      27.  The Defendants collectively have failed to pay **LOWE** for the labor and

11  materials furnished by **LOWE** at **THE PROJECT**, which amount is currently

12  $154,449.33 exclusive of interest, attorney's fees and court costs.  Additionally,

13  **LOWE** has suffered lost business opportunities, lost interest on the sums wrongfully

14  retained and/or has suffered other economic or consequential damages through the

15  actions of the Defendants. **LOWE** is informed and believes that the retention of the

16  funds by **CORNERSTONE** was or is intentional and/or otherwise amounts to

17  conversion.

18      28.  Having failed and refused to pay **LOWE**, notwithstanding **LOWE's**

19  multiple demands, there is now due, owing, and unpaid to **LOWE** the amount of

20  $154,449.33 or an amount that will be proven at the time of trial, plus consequential

21  damages, interest, attorney's fees and costs according to proof.

22      29.  **LOWE** has retained attorneys, duly licensed to practice law before all of

23  the courts of the State of California, as their attorneys of record herein, and has

24  incurred the obligation to pay its attorneys a reasonable attorney's fee, and is entitled

25  to recover those fees from the Defendants in accordance with an agreement, pursuant

26  to the Federal Acquisition Regulations, pursuant to other laws of the United States of

27  America or pursuant to laws of the State of California.

28      30.  As a further, direct, proximate and legal result of the conduct of the

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

COMPLAINT OF BILL LOWE DEVELOPMENTS

1  Defendants, as alleged herein, **LOWE** has been damaged by, among other things,

2  having been induced to expend or having been deprived of the use of substantial

3  sums of money in an amount that, from time to time, was in an amount certain or an

4  amount capable of being determined by reasonable calculation, thereby entitling

5  **LOWE** to prejudgment interest pursuant to the Federal Acquisition Regulations

6  and/or California Civil Code section 3287. Alternatively, **LOWE** is entitled to

7  interest as a result of this dispute involving construction of improvements to property

8  pursuant to an agreement, pursuant to the Federal Acquisition Regulations, pursuant

9  to other laws of the United States of America or pursuant to laws of the State of

10  California.

## II.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

14  31.  **LOWE** re-alleges and incorporates by reference each and every allegation

15  of the above paragraphs 1 through 25, inclusive, as if fully set forth herein.

16  32.  **LOWE** has performed all conditions, covenants and promises required on

17  its part to be performed in accordance with the terms and conditions of the **SUB-**

18  **CONTRACT**, except those which have been permitted or excused by the actions

19  and conduct of **PALOMAR** and/or **CORNERSTONE**, and/or their agents and/or

20  representatives.

21  33.  **PALOMAR** has breached the **SUB-CONTRACT** by failing and refusing

22  to pay to **LOWE** the principal sum of $154,449.33 due and owing regardless of and

23  not subject to or conditioned upon **PALOMAR** being paid under the **CONTRACT**

24  by **CORNERSTONE**.

25  34.  As a proximate result of the above described breach of contract, **LOWE**

26  has been damaged in the principal sum of $154,449.33 together with interest

27  according to proof.

28  35.  As a further, direct, proximate and legal result of the conduct, as set forth

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

1  herein, **LOWE** has been damaged by, among other things, having been caused to

2  expend substantial sums of money for attorney's fees, attorney's costs and other

3  litigation costs which are recoverable pursuant to an agreement, that the Federal

4  Acquisition Regulations, other law of the United States of America or pursuant to

5  laws of the State of California.

6  ### III.

7  ### THIRD CAUSE OF ACTION

8  ### (Work and Labor)

9     36.  **LOWE** re-alleges and incorporates by reference each and every allegation

10  of the above paragraphs 1 through 35, inclusive, as if fully set forth herein.

11     37.  Within San Diego, the **CORNERSTONE** and/or **PALOMAR** became

12  indebted to **LOWE** in the principal sum of $154,449.33 for the services of **LOWE** at

13  **THE PROJECT** at the special insistence and request of **CORNERSTONE** and/or

14  **PALOMAR**, including materials furnished. The reasonable value of the services and

15  materials was and is in the principal sum of $154,449.33.

16     38.  No part of said sum has been paid, and there is now due, owing and unpaid,

17  the principal sum of $154,449.33 together with interest thereon at the maximum

18  legally permissible rate from and after a date according to proof.

19  ### IV.

20  ### FOURTH CAUSE OF ACTION

21  ### (Conversion)

22     39.  **LOWE** re-alleges and incorporates by reference each and every allegation

23  of the above paragraphs 1 through 38, inclusive, as if fully set forth herein.

24     40.  As was indicated above, **CORNERSTONE** acquired the sums from the

25  United States Navy, which sums were due and owing to **PALOMAR** and **LOWE**

26  for the work or services provided by **PALOMAR** and **LOWE** at **THE PROJECT**.

27     41.  **LOWE** is informed and believes that **CORNERSTONE** acquired those

28

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

COMPLAINT OF BILL LOWE DEVELOPMENTS

1  sums by representing to the Navy that they would be paid to **PALOMAR** and
2  **LOWE**, or by concealing from the Navy an intent to deprive **PALOMAR** and
3  **LOWE** of those sums.  **CORNERSTONE** has wrongfully taken the sums which
4  were to be used by **PALOMAR** and **LOWES**, and instead has held or used those
5  funds which constitutes conversion.  In this regard, **LOWE** is informed and believes
6  that **CORNERSTONE** intentionally engaged in the conduct or abstained from
7  taking action to cause **PALOMAR** and **LOWE** to be deprived of the subject sums.

8      42.  As a direct, proximate and legal result of the conduct set forth herein,
9  **LOWE** has been damaged by, among other things, having been caused to lose
10  substantial sums of money in relation to the said sums wrongfully taken, having been
11  deprived of money spent to replace the said sum wrongfully taken, and other
12  economic and/or consequential damages in a total amount that will be demonstrated
13  according to proof at the time of trial.

14      43.  As a further, direct, proximate and legal result of the conduct, as set forth
15  herein, **LOWE** has been damaged by, among other things, having been caused to
16  expend substantial sums of money for attorney's fees, attorney's costs and other
17  litigation costs which are recoverable pursuant to an agreement, or pursuant to the
18  Federal Acquisition Regulations, pursuant to other laws of the United States of
19  America or pursuant to laws of the State of California.

20      44.  As a further, direct, proximate and legal result of the conduct of the
21  **DEFENDANTS**, as alleged herein, **LOWE** has been damaged by, among other
22  things, having been induced to expend or having been deprived of the use of
23  substantial sums of money in an amount that, from time to time, was in an amount
24  certain or an amount capable of being determined by reasonable calculation, thereby
25  entitling **LOWE** to prejudgment interest pursuant to the Federal Acquisition
26  Regulations, other laws of the United States of America or California Civil Code
27  section 3287. Alternatively, **LOWE** is entitled to interest as a result of this dispute
28  involving construction of improvements to property.

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

COMPLAINT OF BILL LOWE DEVELOPMENTS

45.   The conduct alleged in this cause of action was despicable and was done with a conscious disregard of **LOWE's** rights or with the intention of depriving **LOWE** of rights, or otherwise constituting oppression, fraud or malice under California Civil Code section 3288, thereby entitling **LOWE** to punitive or exemplary damages and prejudgment interest in the discretion of the jury and in an amount sufficient to punish or set an example of the defendants.

46.   The conduct as alleged in this cause of action, was despicable and was done with a conscious disregard of **LOWE's** rights or property or with the intention of depriving **LOWE** of rights or property, or otherwise constituting oppression, fraud or malice under California Civil Code section 3294, thereby entitling **LOWE** to punitive or exemplary damages in an amount sufficient to punish or set an example of the defendants.

**V.**

**<u>FIFTH CAUSE OF ACTION</u>**

**(Insurance Bad Faith)**

47.   **LOWE** re-alleges and incorporates by reference each and every allegation of the above paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.   **WESTERN**, as surety and insurer for others, having undertaken to provide **LOWE** with certain coverage, guaranties or warranties of payment, was under a duty implied by law to act fairly and in good faith while investigating or evaluating bond claims such as that which is the subject of this action. **WESTERN** has breached the above-described duty in that it unreasonably and without proper cause filed and/or refused to investigate or evaluate the claim and failed to pay **PALOMAR** and subsequently **LOWE**.   Additionally, **WESTERN** unreasonably delayed providing its explanation and refusal to make payments to **PALOMAR** and subsequently **LOWE**, notwithstanding **PALOMAR's** and subsequently **LOWE's** multiple demands, and there is now due, owing, and unpaid an amount that will be proven at

COMPLAINT OF BILL LOWE DEVELOPMENTS

1  the time of trial, plus consequential damages, interest, attorney's fees and costs
2  according to proof.

3    49.  **ZURICH**, as surety and insurer for others, having undertaken to provide
4  **LOWE** with certain coverage, guaranties or warranties of payment, was under a duty
5  implied by law to act fairly and in good faith while investigating or evaluating bond
6  claims such as that which is the subject of this action. **ZURICH** has breached the
7  above-described duty in that it unreasonably and without proper cause filed and/or
8  refused to investigate or evaluate the claim and failed to pay **LOWE.**  Additionally,
9  **ZURICH** unreasonably delayed providing its explanation and refusal to make
10  payments to **LOWE**, notwithstanding **LOWE**'s multiple demands, and there is now
11  due, owing, and unpaid an amount that will be proven at the time of trial, plus
12  consequential damages, interest, attorney's fees and costs according to proof.

13    50.  **LOWE** performed all conditions, covenants and promises, including giving
14  proper notice of said claim to **DEFENDANTS**, required on its part to be performed,
15  except those which have been permitted or excused by the conduct of **WESTERN,**
16  **ZURICH, CORNERSTONE, PALOMAR** or their agents and representatives.

17    51.  As a direct, proximate and legal result of the conduct of the
18  **DEFENDANTS**, as set forth herein, **LOWE** has been damaged by, among other
19  things, having been caused to lose substantial sums of money in relation to the
20  above-described unpaid sum, having been deprived of money wrongfully taken or
21  withheld by the **DEFENDANTS** and other economic and/or consequential damages
22  in a total amount that will be demonstrated according to proof at the time of trial;
23  however, the amount of damage suffered exceeds the jurisdictional requirements of
24  this Court.

25    52.  As a further, direct, proximate and legal result of the conduct of the
26  **DEFENDANTS**, as set forth herein, **PALOMAR** has been damaged by, among
27  other things, having been caused to expend substantial sums of money for attorney's
28  fees, attorney's costs and other litigation costs which are recoverable pursuant to an

1  agreement, pursuant to the Federal Acquisition Regulations, pursuant to the laws of

2  the United States of America or pursuant to laws of the State of California.

3  ### VI.

4  ### PRAYER FOR RELIEF

5  WHEREFORE, **LOWE** prays for or requests judgment as follows:

6  ### ON ALL CAUSES OF ACTION

7  1.    For the principal sum of $154,449.33;

8  2.    For interest thereon at the maximum legally permissible rate from and after

9  a date according to proof;

10  3.    For costs of suit, expert witness fees and attorney's fees according to proof

11  at the time of trial.

12  4.    For reasonable attorney's fees; and

13  5.    For such other and further relief as the Court may deem just and proper.

14  ### ON THE FOURTH ANS FIFTH CAUSES OF ACTION

15  1.    For punitive or exemplary damages as to and against Defendants,

16  **WESTERN, ZURICH** and **CORNERSTONE** only in an amount sufficient to

17  punish or set an example of the Defendants, **WESTERN** and **CORNERSTONE**.

18

19  DATED: March 28, 2008                 KINKLE, RODIGER AND SPRIGGS
                                         Professional Corporation
20

21

22

23                                        BRUCE E. DISENHOUSE

24

25

26

27

28

# JURY TRIAL DEMAND

**LOWE** hereby formally requests, pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 38, to have a trial by jury in relation to the causes of action and the issues that are properly the subject of such a trial.

DATED: March 28, 2008                    KINKLE, RODIGER AND SPRIGGS
                                         Professional Corporation


                                         _Bruce E. Disenhouse_
                                         BRUCE E. DISENHOUSE

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149314   — SH**

**April 02. 2008
13:55:16**

**Civ Fil Non-Pris**
USAO #.: 08CV0603
Judge..: M. JAMES LORENZ
Amount.:                                  $350.00 CK
Check#.: BC73094

**Total—> $350.00**

FROM: LOWE DEVELOPMENTS V. WESTERN
INSURANCE CO ET AL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**
BILL LOWE DEVLOPMENTS, a business entity, and THE UNITED STATES OF AMERICA For The Use And Benefit OF BILL LOEW DEVELOPMENTS

**DEFENDANTS**
WESTERN INSURANCE COMPANY, a business entity form unknown; ZURICH NORTH AMERICAN SURETY, a business entity form unknown; CORNERSTONE BUILDING GROUP, et al.

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Bruce Disenhouse (SB#078760), KINKLE, RODIGER AND SPRIGGS, 3333 Fourteenth Street, Riverside, CA 92501 (951) 683-2410

Attorneys (If Known)

**'08 CV 0603 L RIM**

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN    (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 40 of the United States Code, section 270(a)

Brief description of cause:
Defendants breached the contract in effect between Plaintiffs and Defendants which was protected by a Bond.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**  $569,902.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions:)      JUDGE                          DOCKET NUMBER

DATE  March 28, 2008         SIGNATURE OF ATTORNEY OF RECORD   Bruce E. Disenhouse

**FOR OFFICE USE ONLY**

RECEIPT #  149314    AMOUNT  $350    APPLYING IFP          JUDGE          MAG. JUDGE

ser 4/2/08