1  STUART D. HIRSCH, ESQ. (SB #142641)
   2150 N. Centre City Pkwy.
2  Escondido, CA 92026
   Telephone: (760) 781-3658
3  Facsimile: (760) 466-2396
   Email: shirsch@emeraldfg.com
4

5  Attorney for Defendant and Cross/Counterclaimant,
   PALOMAR GRADING AND PAVING, INC.
6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10  BILL LOWE DEVELOPMENTS, a business      )  Case No.: 08 CV 0603 L (BLM)
    entity, and THE UNITED STATES OF        )
11  AMERICA For the Use And Benefit Of BILL )  **ANSWER OF DEFENDANT**
    LOWE DEVELOPMENTS                       )  **PALOMAR GRADING AND PAVING,**
12                                          )  **INC. TO COMPLAINT,**
                  Plaintiff,                )  **COUNTERCLAIM AND CROSS-**
13                                          )  **CLAIM**
    v.                                      )
14                                          )
                                            )
15  WESTERN INSURANCE COMPANY, a            )
    business entity form unknown; ZURICH    )
16  NORTH AMERICAN SURETY, a business       )
    entity form unknown; CORNERSTONE        )
17  BUILDING GROUP, a business entity form  )
    unknown; and PALOMAR GRADING AND        )
18  PAVING, INC., a California corporation   )
                                            )
19              Defendants.                 )
                                            )
20  PALOMAR GRADING AND PAVING, INC., a     )
    California corporation, and the UNITED  )
21  STATES OF AMERICA For The Use And       )
    Benefit of PALOMAR GRADING AND          )
22  PAVING, INC.,                           )
                                            )
23              Counterclaimant,            )
                                            )
24  v.                                      )
                                            )
25  BILL LOWE DEVELOPMENTS, a business      )
    entity form unknown,                    )
26                                          )
                Counterdefendant.           )
27  _____    )

28

                                    1

1  PALOMAR GRADING AND PAVING, INC.,     )
2                    Cross-Claimant,                         )
                                                                      )
3  v.                                                              )
                                                                      )
4  WESTERN INSURANCE COMPANY and        )
   CORNERSTONE BUILDING GROUP,          )
5                                                                  )
                    Cross-Defendants.                     )
6  _____)

7      Defendant, PALOMAR GRADING AND PAVING, INC. (hereinafter referred to as "

8  **PALOMAR**, as a California corporation, hereby answers the Complaint (hereinafter the

9  "**COMPLAINT**") filed by The Plaintiff BILL LOWE DEVELOPMENTS as follows:

10                                            **I.**

11                    **ADMISSIONS AND GENERAL DENIAL**

12      1.     **PALOMAR** admits the allegations contained in paragraph 1 of the **COMPLAINT**.

13      2.     **PALOMAR** denies the allegations contained in paragraph 2 of the **COMPLAINT**, as

14  BILL LOWE DEVELOPMENTS is a sole proprietorship.

15      3.     **PALOMAR** admits the allegations contained in paragraph 3 of the **COMPLAINT**.

16      4.     **PALOMAR** admits the allegations within paragraph 4 of the **COMPLAINT**.

17      5.     **PALOMAR** is without sufficient information or belief to admit or deny the allegations

18  contained in paragraph 5 of the **COMPLAINT**.

19      6.     **PALOMAR** admits the allegations contained in paragraph 6 of the **COMPLAINT**.

20      7.     **PALOMAR** admits the allegations contained in paragraph 7 of the **COMPLAINT**.

21      8.     **PALOMAR** admits the allegations contained in paragraph 8 of the **COMPLAINT**.

22      9.     **PALOMAR** admits the allegations contained in paragraph 9 of the **COMPLAINT**.

23      10.    **PALOMAR** admits the allegations contained in paragraph 10 of the **COMPLAINT**.

24      11.    **PALOMAR** admits the allegations contained in paragraph 11 of the **COMPLAINT**.

25      12.    Paragraph 12 includes legal conclusions and **PALOMAR** is without information to admit

26  or deny each of the allegations and so denies them.

27      13.    **PALOMAR** admits the allegations contained in paragraph 13 of the **COMPLAINT**.

28      14.    **PALOMAR** is unable to admit each of the allegations in paragraph 14 and so denies

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1  them.

2       15.  **PALOMAR** admits the allegations contained in paragraph 15 of the **COMPLAINT**.

3       16.  **PALOMAR** is unable to admit each of the allegations in paragraph 16 and so denies

4  them.

5       17.  **PALOMAR** admits the allegations contained in paragraph 17 of the **COMPLAINT**.

6       18.  **PALOMAR** denies the allegations contained in paragraph 18 of the **COMPLAINT**.

7       19.  **PALOMAR** admits the allegations contained in paragraph 19 of the **COMPLAINT**.

8       20.  **PALOMAR** admits the allegations contained in paragraph 20 of the **COMPLAINT**.

9       21.  **PALOMAR** is unable to admit each of the allegations in paragraph 21 and so denies

10  them.

11      22.  **PALOMAR** admits the allegations contained in paragraph 22 of the **COMPLAINT**.

12      23.  **PALOMAR** denies the allegations contained in paragraph 23 of the **COMPLAINT**.

13      24.  **PALOMAR** denies the allegations contained in paragraph 24 of the **COMPLAINT**.

14      25.  **PALOMAR** is unable to admit each of the allegations in paragraph 25 and so denies

15  them.

16      26.  **PALOMAR** is unable to admit each of the allegations in paragraph 26 and so denies

17  them.

18      27.  **PALOMAR** is unable to admit each of the allegations in paragraph 27, and so denies

19  them, and further denies that **PALOMAR** is responsible for any damage allegedly caused.

20      28.  **PALOMAR** is unable to admit each of the allegations in paragraph 28 and so denies

21  them.

22      29.  **PALOMAR** is unable to admit each of the allegations in paragraph 29 and so denies

23  them and further denies that **PALOMAR** is responsible for any damage allegedly caused.

24      30.  **PALOMAR** is unable to admit each of the allegations in paragraph 30 and so denies

25  them and further denies that **PALOMAR** is responsible for any damage caused.

26      31.  In response to paragraph 31, **PALOMAR** incorporates by reference the responses to the

27  particular paragraphs.

28      32.  **PALOMAR** is unable to admit each of the allegations in paragraph 32 and so denies

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

them.

33.    PALOMAR denies the allegations in paragraph 33 and so denies them.

34.    PALOMAR is unable to admit each of the allegations in paragraph 34 and so denies them and further denies that PALOMAR is responsible for any damage allegedly caused.

35.    PALOMAR is unable to admit each of the allegations in paragraph 35 and so denies them and further denies that PALOMAR is responsible for any damage allegedly caused.

36.    In response to paragraph 36, PALOMAR incorporates by reference the responses to the particular paragraphs.

37.    PALOMAR is unable to admit each of the allegations in paragraph 37 and so denies them, and further denies PALOMAR is responsible for any damage allegedly caused.

38.    PALOMAR is unable to admit each of the allegations in paragraph 38 and so denies them and further denies that PALOMAR is responsible for any damage allegedly caused.

39.    With regard to the fourth cause of action, which is not asserted against PALOMAR, including all of the allegations in paragraphs 39 through 46, as they are not asserted against PALOMAR, it will not provide a specific response; however, PALOMAR will generally deny that it has any liability for conversion.

40.    With regard to the fifth cause of action, which is not asserted against PALOMAR, including all of the allegations in paragraphs 47 through 52, as they are not asserted against PALOMAR, it will not provide a specific response; however, PALOMAR will generally deny that it has any liability for insurance bad faith.

41.    Although not technically required, PALOMAR specifically denies each of the items of prayer for relief as asserted against PALOMAR and specifically denies that PALOMAR is responsible for any damage allegedly caused.

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Cause Of Action)

42.    As a first, separate and affirmative defense to the COMPLAINT, and each cause of

1  action alleged therein, it is alleged that the **COMPLAINT** fails to state facts sufficient to constitute

2  a Cause of Action against **PALOMAR**.

### SECOND AFFIRMATIVE DEFENSE

#### (Contributory or Comparative Negligence)

43.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the Plaintiffs were careless, negligent and at fault with respect to the matters alleged in the **COMPLAINT**, and that such carelessness, negligence and fault proximately caused or contributed to the happening of the incident, injuries, loss or damages complained of, if any, and the Plaintiffs' contributory or comparative fault either bars or proportionately reduces any potential recovery.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

44.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the Plaintiffs come to court with unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

45.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the Plaintiffs have, by acts or omissions to act, waived any potential right to pursue any action against **PALOMAR**.

### FIFTH AFFIRMATIVE DEFENSE

#### (Estoppel)

46.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the Plaintiff is estopped to assert any cause of action by its acts, or failures to act, upon which **PALOMAR** has relied to his prejudice.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure To Mitigate Damages)

47.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the Plaintiff, by its conduct, actions or failure to act, has

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1  failed to mitigate its claimed damages.

2  ## SEVENTH AFFIRMATIVE DEFENSE

3  ### (Laches)

4  48.    As a further, separate and affirmative defense to the **COMPLAINT**, and each

5  cause of action alleged therein, it is alleged that the Plaintiffs have unreasonably delayed in bringing

6  an action and/or in naming **PALOMAR** and has thereby prejudiced **PALOMAR**'s rights; therefore,

7  this action is barred by the doctrine of Laches.

8  ## EIGHTH AFFIRMATIVE DEFENSE

9  ### (Comparative Indemnification)

10  49.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause

11  of action alleged therein, it is alleged that, while denying any and all liability on the part of

12  **PALOMAR, PALOMAR** is informed and believes and thereon alleges that the Plaintiffs or other

13  persons or entities, whether or not parties to this action, carelessly, negligently, or intentionally

14  proximately caused or contributed to the happening of the injury, loss or damages complained of,

15  if any, and any damages awarded must be apportioned among such persons or entities, whether or

16  not they are parties, in proportion to any amount attributable to such other persons or entities.

17  ## NINTH AFFIRMATIVE DEFENSE

18  ### (Ripeness)

19  50.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause

20  of action alleged therein, it is alleged that it is premature and that it does not present this Court with

21  a justiciable case or controversy.

22  ## TENTH AFFIRMATIVE DEFENSE

23  ### (Failure to Cooperate)

24  51.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause

25  of action alleged therein, it is alleged that the conduct of the Plaintiffs, regarding the duty to

26  cooperate, constituted a breach of said duty resulting in prejudice to **PALOMAR**, and such failure

27  to cooperate either bars or proportionately reduces any potential recovery by the Plaintiffs, and/or

28  entitles **PALOMAR** to recover any damages he has incurred as a result of the Plaintiffs' breach.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Collusion)**

52.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the conduct, actions or failures to act of the Plaintiffs in combination with other persons or entities, whether or not parties to this action, constituted collusion and such collusion either bars or proportionally reduces any recovery by the Plaintiffs in this action, and/or entitles **PALOMAR** to recover any damages he has incurred as a result of such conduct, actions or failures to act.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Merger and/or Bar)**

53.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that each such cause of action is barred, in whole or in part, as a result of the application of the doctrines of merger and/or bar.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Mootness)**

54.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the action is not justiciable as a result of the fact that it is moot.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

54.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the PLAINTIFF lacks standing to bring suit.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Negligence)**

55.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the Plaintiff's claims, and each of them, are barred in whole or in part, to the extent that the Plaintiff was negligent in performing work for which they had contracted with **PALOMAR**.

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

56.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **PLAINTIFF** is uncertain as to date(s) on which the alleged obligation or liability for losses, damages or injuries of which the **PLAINTIFF** complains, were incurred or sustained. **PALOMAR** herein alleges, and based upon such information and belief alleges, that the **PLAINTIFF** is barred, in whole or in part, by the applicable Statute of Limitations, whether it be Code of Civil Procedure sections 337, 337.1, 337.15, 338, 339, 340 and 343 or other sections which may be deemed applicable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

57.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that each such cause of action is barred in whole or in part as a result of the application of the Statute of Frauds.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Parole Evidence Rule)

58.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that each such cause of action is barred in whole or in part as a result of the application of the Parole Evidence Rule.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Breach of Contract)

59.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the conduct of others, regarding their duties under the contract constituted a breach of said contract, and such a breach either bars or proportionately reduces any potential recovery by the Plaintiffs, and/or entitles **PALOMAR** to recover any damages he has incurred as a result of the Plaintiffs' breach.

///

///

## TWENTIETH AFFIRMATIVE DEFENSE

### (Negligence)

60.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the Plaintiff's claims, and each of them, are barred in whole or in part, to the extent that the Plaintiff was negligent in performing work for which it had contracted with **PALOMAR**.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Contract Defenses)

61.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the claims are barred in whole or in part, as a result of the express terms of the subject Contract.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Set Off by Terms)

62.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that any right of recovery against the Contract at issue is limited, among other things, by the terms of the Contract and by the terms of the Contract entered into between the Plaintiff and **PALOMAR**.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Set Off Related to Work)

62.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that any right of recovery against the Contract at issue is limited, among other things, by the Plaintiff's own breach of contract in failing to provide the information required under the Contact in a timely, proper, complete, and workmanlike manner. As a result of this breach, **PALOMAR** has been injured by, *inter alia*, this failure, which caused **PALOMAR's** out of pocket costs to increase, as well as lost profits. These damages constitute a set-off to any amount that the Plaintiff may be found entitled to herein.

///

///

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Express Contract Terms)

63.     As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that each such cause of action is barred to the extent the allegations are or may be inconsistent with or contrary to a written agreement or a writing memorializing such an agreement.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

64.     As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of Plaintiff's own failure to perform.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

65.     As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that any obligation of **PALOMAR** pursuant to the terms of any agreement is excused since conditions precedent to performance have not been met.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Condition Subsequent)

66.     As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that any obligation of **PALOMAR** pursuant to the terms of any agreements is excused since conditions subsequent to performance have not been met.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Anticipatory Breach)

67.     As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **PLAINTIFF's** own conduct, the Plaintiff was guilty of anticipatory breach of the contract referred to in the **COMPLAINT**, and **PALOMAR** is therefore excused from further performance.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

**(Performance Excused)**

68.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **PALOMAR's** performance under any purported Contract referred to in the **COMPLAINT** was excused because the Plaintiff first materially breached the same.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Impossibility of Performance)**

69.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of impossibility of performance.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Provide Change Order Information)**

70.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of Plaintiff's own failure to provide change order information.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Provide Payroll or Certified Payroll Information)**

71.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of Plaintiff's own failure to provide payroll or certified payroll information.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Provide Required Accounting Information)**

72.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of Plaintiff's own failure to provide required accounting information and pricing information.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Notice Requirement)**

73.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of Plaintiff's own failure to comply with the notice requirement under the Miller Act or pursuant to a contract term.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Make Timely Claims)

74.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of Plaintiff's own failure to make timely claims under the Miller Act or pursuant to a contract term.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Comply With Fictitious Name Requirement)

75.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of Plaintiff's own failure to comply with the fictitious name requirement.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Contract Provisions Dictating When Suit May Be Filed)

76.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of contractual provisions specifically stating how and when suit may be filed.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Contract Provisions Indicating Binding Affect of Action Against Obligor)

77.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that each such cause of action is barred as a result of contractual provisions specifically indicating a binding affect of action against the obligor.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Contractual Provision Preventing Suit Until After Suit Against Obligor)

78.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that each such cause of action is barred as a result of contractual provisions specifically preventing suit until after suit against the obligor.

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

**FORTIETH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Provisions of the Miller Act)**

63.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of Plaintiff's own failure to comply with the provisions of the Miller Act.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Pay When Paid)**

63.    As a further, separate and affirmative defense to the **COMPLAINT**, and each cause of action alleged therein, it is alleged that the **COMPLAINT** is barred, in whole or in part, as a result of the pay-when-paid provision or term within the contract requiring payment only after payment is received.

**III.**

**COUNTERCLAIM and CROSS-CLAIM**

Counterclaimant and Cross-Claimant, PALOMAR GRADING AND PAVING, INC., (hereinafter referred to as "**PALOMAR**"), for its Counterclaim and Cross-Claim alleges as follows:

**GENERAL ALLEGATIONS**

1.    Jurisdiction in this cause is conferred by Title 40 of the United States Code, §270 (a) (b) as amended, and by the Doctrine of Pendent Jurisdiction.

2.    **PALOMAR**, a California corporation is, and at all time herein mentioned was, a California corporation organized and existing under and by virtue of the laws of the state of California, and duly licensed to engage in construction and who hired only licensed subcontractors to perform the work alleged.

3.    **PALOMAR** is informed and believes, and based thereon alleges that Cross-Defendant Western Insurance Company, a California corporation, ("**WESTERN**") is and at all times herein mentioned was, a business entity existing under and by virtue of the laws of the State of California, engaged in the business of insurance in the State of California, and doing business in the State of California as a corporate surety of bonds required by the United States of America and its

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1  various agencies.

2      4.      **PALOMAR** is informed and believes, and based thereon alleges that Cross-

3  Defendant Cornerstone Building Group, a California Corporation, ("**CORNERSTONE**") is, and

4  at all times herein mentioned was, a corporation duly licensed and existing under and by virtue of

5  the laws of the State of California, and doing business in the State of California, engaged in the

6  construction business in California. **WESTERN** and **CORNERSTONE** will be collectively referred

7  to hereinafter as the "**CROSS-DEFENDANTS**."

8      5.      **PALOMAR** is informed and believes, and based thereon alleges that the Plaintiff

9  and **COUNTERDEFENDANT**, Bill Lowe Developments, ("**COUNTERDEFENDANT**") is a sole

10  proprietorship or other business entity form unknown, doing business in the State of California.

11     6.      **PALOMAR** is informed and believes, and thereon alleges, that some relationship

12  existed or exists between the **CROSS-DEFENDANTS** and/or **COUNTERDEFENDANT** and each

13  of them, making them jointly and severally liable for the payment of the sums owed, with interest

14  thereon, for the labor and materials furnished by **PALOMAR**.

15     7.      **PALOMAR** and the **COUNTERDEFENDANT** entered into a written Contract

16  or agreement, that was written or memorialized in writing, to perform construction on the project

17  at issue for **PALOMAR**. (Hereinafter referred to as the "**CONTRACT**.") Pursuant to the

18  **CONTRACT** between **PALOMAR** and the **COUNTERDEFENDANT**, which was entered into

19  at the special instance and request of the **COUNTERDEFENDANT**, or its agents, the

20  **COUNTERDEFENDANT** undertook certain responsibilities that were later used as defenses to

21  payment to **PALOMAR**.

22     8.      Specifically, the **COUNTERDEFENDANT** had obligations regarding certified

23  payroll information, accounting information, change orders, pricing and similar things, and were

24  responsible for providing this information to **CORNERSTONE**. The **COUNTERDEFENDANT's**

25  alleged failure to provide this information was improperly used by **CORNERSTONE** to contend

26  that it was justified to withhold certain payments due to **PALOMAR**. Each of the justifications were

27  matters for which the **COUNTERDEFENDANT** was responsible. To the extent that

28  **CORNERSTONE** is legally entitled to withhold sums, it was a result of the

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1    **COUNTERDEFENDANT's** conduct.

2        9.    In addition to the obligations pursuant to the **CONTRACT**, the

3    **COUNTERDEFENDANT** had a duty to exercise reasonable care when working on this or any jobs

4    for **PALOMAR**, knowing that his failure to use such care could cause **PALOMAR** to suffer

5    significant damage. The filing of the current action, at the present time, was in direct breach or

6    violation of the express terms of the **CONTRACT**.

7        10.    **PALOMAR** and the **CORNERSTONE** entered into a written Contract or

8    agreement, that was written or memorialized in writing, including various change orders, in regard

9    to the construction of the project or job that is at issue in this matter. (Hereinafter referred to as the

10    "**PROJECT CONTRACT.**") Pursuant to the **PROJECT CONTRACT**, **PALOMAR** furnished

11    labor and materials for the works of improvement at the project. Except to the extent prevented or

12    excused, **PALOMAR** has satisfactorily completed all of its obligations under the **PROJECT**

13    **CONTRACT**.

14        11.    Thereafter, **CORNERSTONE** as principal and **WESTERN** as surety duly

15    executed, obtained or issued a payment bond on or about October 6, 2006 pursuant to and in

16    accordance with the provisions of Title 40 of the United States Code, Section 279(a), in total amount

17    $569,902.00 (hereinafter referred to as the "**BOND**").

18        12.    The **BOND** guarantees, jointly and severally, payment of persons supplying labor

19    and material for the prosecution of the construction project. As required, the **BOND** was presented

20    or delivered to the United States of America, and accepted by it, thereby guaranteeing payment for

21    those supplying labor and materials on the project such as **PALOMAR**.

22        13.    As a result of the completion of **PALOMAR's** portion of the work at the certain

23    project, **CORNERSTONE** became indebted to **PALOMAR** in an amount that will be the subject

24    of proof at the time of trial, which amount exceeds the Jurisdictional requirements of the Court.

25    **CORNERSTONE** received payment in full for its contract amount and actually received payment

26    from the United States Navy for the work of **PALOMAR**. **PALOMAR** is informed and believes that

27    **CORNERSTONE** obtained payment from the Navy for the work of **PALOMAR** by representing

28    or agreeing that it would pay **PALOMAR**. The **CROSS-DEFENDANTS** have subsequently

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1 retained the sums provided to it by the Navy for the work of **PALOMAR** and the **CROSS-**

2 **DEFENDANTS** have continued to fail or refuse to pay **PALOMAR** the sums that are owed.

3    14.    **PALOMAR** was required to and did file a Bond Claim with the **CROSS-**

4 **DEFENDANTS** in relation to the **BOND** in accordance with or pursuant to the Miller Act, for the

5 amounts constituting the value of the services and the materials that **PALOMAR** provided at certain

6 projects. That Bond Claim was denied and the subject amounts remained unpaid at the time this

7 action was filed.

8    15.    The **CROSS-DEFENDANTS** collectively have failed to pay **PALOMAR** for the

9 labor and materials furnished by **PALOMAR** at certain projects. Additionally, **PALOMAR** has

10 suffered lost business opportunities, lost interest on the sums wrongfully retained and/or has suffered

11 other economic or consequential damages through the actions of the **CROSS-DEFENDANTS**.

12    16.    Having failed and refused to pay **PALOMAR**, notwithstanding **PALOMAR's**

13 multiple demands, there is now due, owing, and unpaid to **PALOMAR** in an amount that will be

14 proven at the time of trial, plus consequential damages, interest, attorney's fees and costs according

15 to proof at trial; however the amount of damage suffered exceeds the jurisdictional requirements of

16 this Court.

17                                **IV.**

18                        **FIRST CAUSE OF ACTION**

19                              **(Negligence)**

20    17.    **PALOMAR** repeats and realleges by reference each and every allegation contained

21 in the preceding paragraphs and incorporates the same as though fully set forth herein.

22    18.    **PALOMAR** is informed and believes, and based upon such information and belief

23 alleges, that the **COUNTERDEFENDANT** negligently, carelessly and wrongfully failed to use

24 reasonable care when providing work or services on the subject job for **PALOMAR**.

25    19.    **PALOMAR** is further informed and believes, and based upon such information and

26 belief alleges, that the **COUNTERDEFENDANT** had a duty to exercise reasonable care and

27 diligence when working on jobs for **PALOMAR**, knowing that the **COUNTERDEFENDANT's**

28 failure to use such care could cause **PALOMAR** to suffer significant damages. Such losses and

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1  expenditures could have been prevented and/or minimized by reasonable efforts on the part of the

2  **COUNTERDEFENDANT**.

3       20.     **PALOMAR** is further informed and believes, and based upon such information and

4  belief alleges, that the failures and the damages occurred because of the negligence of the

5  **COUNTERDEFENDANT**.

6       21.     Further, **PALOMAR** is informed and believes, and based upon such information

7  and belief alleges, that the **CROSS-DEFENDANTS** negligently, carelessly and wrongfully failed

8  to use reasonable care when failing and refusing to tender payment due to **PALOMAR** pursuant to

9  the **PROJECT CONTRACT**, at the moment the **CROSS-DEFENDANTS** failed and refused to

10  tender their performance in accordance with the terms and conditions of the **PROJECT**

11  **CONTRACT**.

12       22.     **PALOMAR** is further informed and believes, and based upon such information and

13  belief alleges, that the **CROSS-DEFENDANTS** had a duty to exercise reasonable care and diligence

14  when failing and refusing to tender their performance in accordance with the terms and conditions

15  of the **PROJECT CONTRACT**, knowing that the **CROSS-DEFENDANTS'** failure to use such

16  care could cause **PALOMAR** to suffer significant damages. Such losses and expenditures could

17  have been prevented and/or minimized by reasonable efforts on the part of the **CROSS-**

18  **DEFENDANTS**.

19       23.     **PALOMAR** is further informed and believes, and based upon such information and

20  belief alleges, that the failures and the damages occurred because of the negligence of the **CROSS-**

21  **DEFENDANTS**, and each of them.

22       24.     To the extent **PALOMAR** may be required to pay pursuant to the **CONTRACT**,

23  **CROSS-DEFENDANTS** are obligated to indemnify and hold harmless **PALOMAR** for any such

24  liability.

25       25.     As a direct and proximate result of the conduct of the **COUNTERDEFENDANT**

26  and **CROSS-DEFENDANTS**, and each of them, as alleged in this cause of action, **PALOMAR** has

27  incurred and continues to incur costs and expenses including, but not limited to, costs to maintain

28  relationships with other clients as a result of the **COUNTERDEFENDANT's** and **CROSS-**

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1    **DEFENDANTS'** actions, litigation costs, attorney's fees and consultants' fees arising out of the

2    conduct of the **COUNTERDEFENDANT** and **CROSS-DEFENDANTS**, as well as additional

3    damages which will be the subject of proof at the time of trial; however, **PALOMAR** is informed

4    and believes and based upon such information and belief alleges, that the amount of such damage

5    suffered exceeds the jurisdictional requirements of this Court.

6        26.    As a further, direct, proximate and legal result of the conduct of the

7    **COUNTERDEFENDANT** and **CROSS-DEFENDANTS**, as set forth herein, **PALOMAR** has

8    been damaged by, among other things, having been caused to expend substantial sums of money for

9    attorney's fees, attorney's costs and other litigation costs which are recoverable pursuant to an

10   agreement, pursuant to the Federal Acquisition Regulations, pursuant to the laws of the United States

11   of America or pursuant to laws of the State of California.

12       27.    As a further, direct, proximate and legal result of the conduct of the

13   **COUNTERDEFENDANT** and **CROSS-DEFENDANTS**, as alleged herein, **PALOMAR** has been

14   damaged by, among other things, having been induced to expend or having been deprived of the use

15   of substantial sums of money in an amount that, from time to time, was in an amount certain or an

16   amount capable of being determined by reasonable calculation, thereby entitling the **PALOMAR**

17   to prejudgment interest pursuant to the Federal Acquisition Regulations and/or California Civil Code

18   section 3287.

19                                    **V.**

20                       **SECOND CAUSE OF ACTION**

21                          **(Breach of Contract)**

22       28.    **PALOMAR** repeats and realleges by reference each and every allegation contained

23   in the preceding paragraphs and incorporates the same as though fully set forth herein.

24       29.    **PALOMAR** has performed all conditions, covenants, and promises required of its

25   part to be performed in accordance with the terms and conditions of the **CONTRACT** and the

26   **PROJECT CONTRACT**, except those which have been permitted or excused by the actions and

27   conduct of the **COUNTERDEFENDANT** and/or **CROSS-DEFENDANTS**, or their agents and

28   representatives.

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

30.     The **COUNTERDEFENDANT** has breached the above-described **CONTRACT** in that the **COUNTERDEFENDANT** has failed to fulfill its contractual obligations on the job for **PALOMAR**.

31.     As a result of said breach of the **CONTRACT**, **PALOMAR** has been damaged by having to incur costs and expenditures, plus interest, attorney's fees, and in such additional sums as will be proved at trial.

32.     Moreover, the **CROSS-DEFENDANTS** have breached the above-described **PROJECT CONTRACT** in that the **CROSS-DEFENDANTS** have failed and refused to tender their performance in accordance with the terms and conditions of the **PROJECT CONTRACT**. Further, the **CROSS-DEFENDANTS** have breached the implied covenant of good faith and fair dealing in the **PROJECT CONTRACT**, and there is now owning an amount that will be proven at the time of trial, plus consequential damages, interest, attorney's fees and costs according to proof.

33.     As a result of said breach of the **PROJECT CONTRACT**, **PALOMAR** has been damaged by having to incur costs and expenditures, plus interest, attorney's fees, and in such additional sums as will be proved at trial.

34.     The conduct of the **CROSS-DEFENDANTS**, as alleged in this cause of action, entitles **PALOMAR** to an accounting and a declaration of this Court that the **CROSS-DEFENDANT** owes **PALOMAR** certain sums in an amount to be determined according to proof at the time of trial.

35.     To the extent **PALOMAR** may be required to pay pursuant to the **CONTRACT**, **CROSS-DEFENDANTS** are obligated to indemnify and hold harmless **PALOMAR** for any such liability.

36.     As a direct, proximate and legal result of the conduct of the **COUNTERDEFENDANT** and **CROSS-DEFENDANTS**, as set forth herein, **PALOMAR** has been damaged by, among other things, having been caused to lose substantial sums of money in relation to the **CONTRACT** and the **PROJECT CONTRACT** and other economic and/or consequential damages in a total amount that will be demonstrated according to proof at the time of trial; however, **PALOMAR** is informed and believes, and based upon such information and belief

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1    alleges, that the amounts of damage suffered exceeds the jurisdictional requirements of this Court.

2    37. As a further, direct, proximate and legal result of the conduct of the

3    **COUNTERDEFENDANT** and **CROSS-DEFENDANTS** as set forth herein, **PALOMAR** has been

4    damaged by, among other things, having been caused to expend substantial sums of money for

5    attorney's fees, attorney's costs and other litigation costs which are recoverable pursuant to an

6    agreement, pursuant to the Federal Acquisition Regulations, or pursuant to laws of the State of

7    California.

8    38. As a further, direct, proximate and legal result of the conduct of the

9    **COUNTERDEFENDANT**, and **CROSS-DEFENDANTS**, as alleged herein, **PALOMAR** has been

10    damaged by, among other things, having been induced to expend or having been deprived of the use

11    of substantial sums of money in an amount that, from time to time, was in an amount certain or an

12    amount capable of being determined by reasonable calculation, thereby entitling **PALOMAR** to

13    prejudgment interest pursuant to Federal Acquisition Regulations and/or California Civil Code

14    section 3287. Alternatively, **PALOMAR** is entitled to interest as a result of this dispute involving

15    construction of improvements to property pursuant to an agreement, pursuant to the Federal

16    Acquisition Regulations, pursuant to other laws of the United States of American or pursuant to laws

17    of the State of California.

18                                          **VI.**

19                              **THIRD CAUSE OF ACTION**

20                **(Contractual Indemnification Against Cross-Defendants)**

21    39. **PALOMAR** repeats and realleges by reference each and every allegation contained

22    in the preceding paragraphs and incorporates the same as though fully set forth herein.

23    40. The **CROSS-DEFENDANTS** promised to complete payment in amounts due for

24    materials, work or services based on the **PROJECT CONTRACT** and/or the **BOND**.

25    41. **PALOMAR** has incurred and will continue to incur attorney's fees and costs in

26    defending and investigating the claims which are the subject of the main action.

27    42. To the extent **PALOMAR** may be required to pay any sum or sums in the main

28    action, pursuant to the **CONTRACT**, **CROSS-DEFENDANTS** are obligated to indemnify and hold

1  harmless **PALOMAR** for any such liability.

2      43.    As a direct, proximate and legal result of the conduct of the **CROSS-**

3  **DEFENDANTS** as set forth herein, **PALOMAR** has been damaged by, among other things, having

4  been caused to expend substantial sums of money for attorney's fees, attorney's costs and other

5  litigation costs which are recoverable pursuant to an agreement, pursuant to the Federal Acquisition

6  Regulations, or pursuant to laws of the State of California.

7                                      **VI.**

8                          **FOURTH CAUSE OF ACTION**

9              **(Equitable Indemnification Against Cross-Defendants)**

10     44.    **PALOMAR** repeats and realleges by reference each and every allegation contained

11 in the preceding paragraphs and incorporates the same as though fully set forth herein.

12     45.    The **CROSS-DEFENDANTS** agreed to pay **PALOMAR** or to reimburse it for

13 work alleged in the main action. It would be equitable or just to require the **CROSS-**

14 **DEFENDANTS** to fully indemnify, and hold harmless, **PALOMAR** from and against any claims

15 or demands or actions or legal expenses of any kind or nature, including attorney's fees, for which

16 **PALOMAR** shall become liable or shall become contingently liable by reason of the failure to pay

17 **PALOMAR** at the time of demand.

18     46.    To the extent **PALOMAR** may be required to pay any sum or sums in the main

19 action, pursuant to the **CONTRACT**, **CROSS-DEFENDANTS** are obligated to indemnify and hold

20 harmless **PALOMAR** for any such liability.

21     47.    Upon **PALOMAR's** right of equitable indemnification, it is entitled to recover

22 against the **CROSS-DEFENDANTS** any monies paid, costs incurred and attorney's fees expended

23 as the result of the issuance of the **BONDS**.

24     48.    As a direct, proximate and legal result of the conduct of the **CROSS-**

25 **DEFENDANTS** as set forth herein, **PALOMAR** has been damaged by, among other things, having

26 been caused to expend substantial sums of money for attorney's fees, attorney's costs and other

27 litigation costs which are recoverable pursuant to an agreement, pursuant to the Federal Acquisition

28 Regulations, or pursuant to laws of the State of California.

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

## VII.

### PRAYER FOR RELIEF

WHEREFORE, **PALOMAR** prays for judgment as follows:

### ON ALL CAUSES OF ACTION

1.     That Plaintiff or **COUNTERDEFENDANT's** Complaint be dismissed.

2.     For costs incurred in the contractual breaches and failure to exercise reasonable care in relation to the project, together with interest at the legal rate.

3.     For costs of suit, expert witness fees and attorney's fees according to proof at the time of trial.

4.     The **CROSS-DEFENDANTS** should indemnify, hold harmless and/or reimburse **PALOMAR** for any and all losses it has sustained or will sustain under the **CONTRACT**, including damages in the form of any sum or sums awarded in the main action, attorney's fees, investigation costs, and other costs incurred, or which may be incurred as a result of the failure of the **CROSS-DEFENDANTS** to perform.

5.     For pre-judgment interest.

6.     For such other and further relief as the Court may deem proper.

### X.

### JURY TRIAL DEMAND

**PALOMAR** hereby formally requests to have a trial by jury in relation to the causes of action and the issues that are properly the subject of such a trial.

Date:  May 13, 2008

By: _____
STUART D. HIRSCH, ESQ.
Attorney for Defendant and Cross/Counterclaimant,
PALOMAR PAVING AND GRADING, INC.

U:\Active Cases\Cornerstone\Lowe\5 13 8 Pal Ans Xcomp.wpd

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1

## CERTIFICATE OF SERVICE

2       I HEREBY CERTIFY the copy of the foregoing Answer of Defendant Palomar Grading

3   and Paving, Inc. to Complaint, Counterclaim and Cross-Claim was this date served upon all counsel

4   of record by placing a copy of the same in the United States mail, postage prepaid, and sent to the

5   following addresses:

6   Bruce E. Disenhouse
    Kinkle Rodiger and Spriggs
7   3333 Fourteenth Street
    Riverside, California 92501
8   Attorneys for Plaintiff and Counterdefendant,
    Bill Lowe Developements
9

10  Courtesy Copy:
    The Honorable M. James Lorenz
11  Office of the Clerk
    880 Front Street, Room 4290
12  San Diego, California 92101-8900

13
    May 13th, 2008                                    _Monica Marty_
14                                                     Monica Marty
                                                       Legal Assistant to Stuart Hirsch

15

16

17

18

19

20  U:\Active Cases\Cornerstone\Lowe\5 13 8 Pal Ans Xcomp.wpd

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT PALOMAR GRADING AND PAVING, INC. TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM