1  **Bruce E. Disenhouse (SBN 078760)**
   bdisenhouse@krsattys-riv.com
2  **Wesley D. Hellerud (SBN 207094)**
   whellerud@krsattys-riv.com
3  KINKLE, RODIGER AND SPRIGGS
   Professional Corporation
4  3333 Fourteenth Street
   Riverside, California 92501
5  (951) 683-2410
   FAX (951) 683-7759
6  Attorneys for Plaintiff, Use Plaintiff and Counter Defendant,
   BILL LOWE DEVELOPMENTS
7

8              UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 | BILL LOWE DEVELOPMENTS, a business entity, and THE UNITED STATES OF AMERICA For The Use And Benefit Of BILL LOWE DEVELOPMENTS | CASE NO.: 08CV0603 JAH-WMC
12 | | ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.
13 | |
14 |                     Plaintiff, |

15 vs.

16 WESTERN INSURANCE COMPANY, a business entity form unknown;
17 ZURICH NORTH AMERICAN SURETY, a business entity form
18 unknown; CORNERSTONE BUILDING GROUP, a business entity form
19 unknown; and PALOMAR GRADING AND PAVING, INC., a California
20 Corporation

21                  Defendants.

22 PALOMAR GRADING AND PAVING,
23 INC., a California corporation, and the UNITED STATES OF AMERICA For
24 The Use And Benefit of PALOMAR GRADING AND PAVING, INC.
25

26                Counterclaimant,

27
28 v.

---

1

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

BILL LOWE DEVELOPMENTS, a business entity form unknown,

        Counterdefendant.

PALOMAR GRADING AND PAVING, INC.,

        Cross-Claimant,

v.

WESTERN INSURANCE COMPANY and CORNERSTONE BUILDING GROUP,

        Cross-Defendants.

      Counter Defendant, **BILL LOWE DEVELOPMENTS** (hereinafter referred to as **"LOWE"**) hereby answers the Counter Claim (hereinafter referred to as the **"COUNTER CLAIM"**) filed by Defendant **PALOMAR GRADING AND PAVING, INC.** as follows:

### I.

### **ADMISSIONS AND GENERAL DENIAL**

1. **LOWE** admits the allegations contained in paragraph 1 of the **COUNTER CLAIM**.

2. **LOWE** is unable to admit each of the allegations in paragraph 2 of the **COUNTER CLAIM** and so denies them.

3. **LOWE** admits the allegations contained in paragraph 3 of the **COUNTER CLAIM**.

4. **LOWE** admits the allegations contained in paragraph 4 of the **COUNTER CLAIM**.

5. **LOWE** admits the allegations contained in paragraph 5 of the **COUNTER CLAIM**.

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

2

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

6.   **LOWE** denies the allegations contained in paragraph 6 of the **COUNTER CLAIM**.

7.   **LOWE** is without sufficient information or belief to admit or deny the allegations contained in paragraph 7 of the **COUNTER CLAIM**.

8.   **LOWE** denies the allegations contained in paragraph 8 of the **COUNTER CLAIM**.

9.   Paragraph 9 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

10.   **LOWE** is without sufficient information or belief to admit or deny the allegations contained in paragraph 10 of the **COUNTER CLAIM**.

11.   **LOWE** is without sufficient information or belief to admit or deny the allegations contained in paragraph 11 of the **COUNTER CLAIM**.

12.   **LOWE** admits the allegations contained in paragraph 12 of the **COUNTER CLAIM**.

13.   **LOWE** based upon information and belief at the time of the filing of this answer admits the allegations contained in paragraph 13 of the **COUNTER CLAIM**.

14.   **LOWE** is without sufficient information or belief to admit or deny the allegations contained in paragraph 14 of the **COUNTER CLAIM**.

15.   **LOWE** is unable to admit each of the allegations in paragraph 15 of the **COUNTER CLAIM** and so denies them.

16.   **LOWE** is unable to admit each of the allegations in paragraph 16 of the **COUNTER CLAIM** and so denies them.

17.   In response to paragraph 17, **LOWE** incorporates by reference the responses to the particular paragraphs referred to in the **COUNTER CLAIM**.

18.   **LOWE** denies the allegations contained in paragraph 18 of the **COUNTER CLAIM**.

19.   Paragraph 19 of the **COUNTER CLAIM** includes legal conclusions and

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

LOWE is without information to admit or deny each of the allegations and so denies them.

20. LOWE denies the allegations contained in paragraph 20 of the **COUNTER CLAIM**.

21. **LOWE** based upon information and belief at the time of the filing of this answer admits the allegations contained in paragraph 21 of the **COUNTER CLAIM**.

22. **LOWE** based upon information and belief at the time of the filing of this answer admits the allegations contained in paragraph 22 of the **COUNTER CLAIM**.

23. **LOWE** based upon information and belief at the time of the filing of this answer admits the allegations contained in paragraph 23 of the **COUNTER CLAIM**.

24. Paragraph 24 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

25. Paragraph 25 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

26. Paragraph 26 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

27. Paragraph 27 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

28. In response to paragraph 28, **LOWE** incorporates by reference the responses to the particular paragraphs referred to in the **COUNTER CLAIM**.

29. **LOWE** is unable to admit each of the allegations in paragraph 29 of the **COUNTER CLAIM** and so denies them.

30. **LOWE** denies the allegations contained in paragraph 30 of the **COUNTER CLAIM**.

4

Kinkle, Rodiger and Spriggs
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

31. **LOWE** denies the allegations contained in paragraph 31 of the **COUNTER CLAIM**.

32. **LOWE** based upon information and belief at the time of the filing of this answer admits the allegations contained in paragraph 32 of the **COUNTER CLAIM**.

33. **LOWE** is without sufficient information or belief to admit or deny the allegations contained in paragraph 33 of the **COUNTER CLAIM**.

34. Paragraph 34 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

35. **LOWE** based upon information and belief at the time of the filing of this answer admits the allegations contained in paragraph 35 of the **COUNTER CLAIM**.

36. **LOWE** is unable to admit each of the allegations in paragraph 36 of the **COUNTER CLAIM** and so denies them.

37. Paragraph 37 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

38. Paragraph 38 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

39. In response to paragraph 39, **LOWE** incorporates by reference the responses to the particular paragraphs referred to in the **COUNTER CLAIM**.

40. **LOWE** based upon information and belief at the time of the filing of this answer admits the allegations contained in paragraph 40 of the **COUNTER CLAIM**.

41. **LOWE** is without sufficient information or belief to admit or deny the allegations contained in paragraph 41 of the **COUNTER CLAIM**.

42. **LOWE** is without sufficient information or belief to admit or deny the allegations contained in paragraph 42 of the **COUNTER CLAIM**.

43. Paragraph 43 of the **COUNTER CLAIM** includes legal conclusions and

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

LOWE is without information to admit or deny each of the allegations and so denies them.

44. In response to paragraph 44, **LOWE** incorporates by reference the responses to the particular paragraphs referred to in the **COUNTER CLAIM**.

45. **LOWE** based upon information and belief at the time of the filing of this answer admits the allegations contained in paragraph 40 of the **COUNTER CLAIM**.

46. Paragraph 46 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

47. Paragraph 47 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

48. Paragraph 48 of the **COUNTER CLAIM** includes legal conclusions and **LOWE** is without information to admit or deny each of the allegations and so denies them.

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

49. As a first, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of alleged therein, it is alleged that the **COUNTER CLAIM** fails to state facts sufficient to constitute a Cause of Action against **LOWE**.

### SECOND AFFIRMATIVE DEFENSE

**(Contributory or Comparative Negligence)**

50. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the Defendants and Counter Claimants were careless, negligent and at fault with respect to the matters alleged in the **COUNTER CLAIM**, and that such carelessness, negligence and fault

6

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

proximately caused or contributed to the happening of the incident, injuries, loss and damages complained of, if any, and Defendants and Counter Claimants' contributory or comparative fault either bars or proportionately reduces any potential recovery.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

51. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the Defendants and Counter Claimants come to court with unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

52. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the Defendants and Counter Claimants have, by acts or omissions to act, waived any potential right to pursue any action against **LOWE**.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

53. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the Defendants and Counter Claimants are estopped to assert any cause of action by their acts, or failures to act, upon which **LOWE** has relied to its prejudice.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

54. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the Defendants and Counter Claimants, by their conduct, actions or failure to act, have failed to mitigate their claimed damages.

///

///

KINKLE, RODIGER AND SPRIGGS Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

55. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the Defendants and Counter Claimants have unreasonably delayed in bring an action and/or in naming **LOWE** and have thereby prejudiced **LOWE'S** rights; therefore, this action is barred by the doctrine of Laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Indemnification)

56. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged that, while denying any and all liability on the part of **LOWE, LOWE** is informed and believes and thereon alleges that the Counter Claimants, Defendants or other persons or entities, whether or not parties to this action, carelessly, negligently or intentionally proximately caused or contributed to the happening of the injury, loss or damages complained of, if any, and any damages awarded must be apportioned among such persons or entities, whether or not they are parties, in proportion to any amount of attributable to such Counter Claimants, Defendants or other persons or entities.

## NINTH AFFIRMATIVE DEFENSE

### (Ripeness)

57. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that it is premature and that it does not present this Court with a justiciable case or controversy.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Cooperate)

58. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the conduct of the Counter Claimants, Defendants or other persons or entities regarding the duty to cooperate,

8

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

constituted a breach of said duty resulting in prejudice to **LOWE**, and such failure to cooperate either bars or proportionately reduces any potential recovery by the Counter Claimants, and/or entitles **LOWE** to recover any damages it has incurred as a result of the Counter Claimants, Defendants or other persons or entities' breach.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Collusion)

59. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the conduct, actions or failure to act of the Counter Claimants and Defendants in combination with other persons or entities, whether or not parties to this action, constituted collusion and such collusion either bars or proportionally reduces any recover by the Counter Claimants in this action, and/or entitled **LOWE** to recover any damages it has incurred as a result of such conduct, actions or failures to act.

## TWELFTH AFFIRMATIVE DEFENSE
### (Merger and/or Bar)

60. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that each such cause of action is barred, in whole or in part, as a result of the application of the doctrines of merger and/or bar.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Mootness)

61. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the action is not justiciable as a result of the fact that it is moot.

///
///
////
///

9

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

62. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that Counter Claimants lack standing to bring suit.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Negligence)

63. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the Counter Claimants' claims, and each of them, are barred in whole or in part, to the extent that the Counter Claimants, Defendants or other persons or entities were negligent in performing work for which they had contracted with **LOWE**.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

64. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIMANT** is uncertain as to date(s) on which the alleged obligation or liability for losses, damages or injuries of which the **COUNTER CLAIMANT** complains, were incurred or sustained. LOWE herein alleges, and based upon such information and belief alleges, that the **COUNTER CLAIMANT** is barred, in whole or in part, by the applicable Statute of Limitations, whether it be Code of Civil Procedure §§ 337, 337.1, 337.15, 338, 339, 340 and 343 or other sections which may be deemed applicable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

65. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that each such cause of action is barred in whole or in part as a result of the application of the Statute of Frauds.

KINKLE, RODIGER AND SPRIGGS Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Parole Evidence Rule)

66. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that each such cause of action is barred in whole or in part as a result of the application of the Parole Evidence Rule.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

67. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the conduct of others, regarding their duties under the contract constituted a breach of said contract, and such a breach either bars or proportionately reduces any potential recovery of Counter Claimants, and/or entitled **LOWE** to recover any damages it has incurred as a result of the Counter Claimants, Defendants or other persons or entities breach.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Negligence)

68. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that Counter Claimants' claims, and each of them, are barred in whole or in part, to the extent that the Counter Claimants were negligent in performing work for which it had contracted with **LOWE**, Counter Claimants, Defendants or other persons or entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Contract Defenses)

69. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the claims are barred in whole or in part, as a result of the express terms of the subject Contract.

///

///

///

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Set Off by Terms)

70. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that any right of recovery against the Contract at issue is limited, among other things, by the terms of the Contract and by the terms of the Contract entered unto between the Counter Claimants and **LOWE**.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Set Off Related to Work)

71. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that any right of recovery against the Contract at issue is limited, among other things, by the Counter Claimants' own breach of contract in failing to provide the information required under the Contract in a timely, proper, complete, and workmanlike manner. As a result of this breach, **LOWE** has been injured, inter alia, this failure, which caused **LOWE**'s out of pocket costs to increase, as well as lost profits. Those damages constitute a set-off to any amount that the Counter Claimants may be found entitled to herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Express Contract Terms)

72. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that each such cause of action is barred to the extent the allegations are or may be inconsistent with or contrary to a written agreement or a writing memorializing such an agreement.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure of Performance)

73. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of Counter Claimants' own failure to perform.

///

12

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

74. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that any obligation of **LOWE** pursuant to the terms of any agreement is excused since conditions precedent to performance have not been met.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Conditions Subsequent)

75. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that any obligation of **LOWE** pursuant to the terms of any agreements is excused since conditions subsequent to performance have not been met.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Anticipatory Breach)

76. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the Counter Claimants, Defendants or other persons or entities' own conduct, the Counter Claimants, Defendants or other persons or entities were guilty of anticipatory breach of the contract referred to in the **COUNTER CLAIM**, and **LOWE** is therefore excused from further performance.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Performance Excused)

77. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that **LOWE's** performance under any purported Contract referred to in the **COUNTER CLAIM** was excused because Counter Claimants, Defendants or other persons or entities first materially breached the same.

///

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Impossibility of Performance)

78. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of impossibility of performance.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Provide Change Order Information)

79. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of the Counter Claimants, Defendants or other persons or entities own failure to provide change order information.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Provide Payroll or Certified Payroll Information)

80. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of the Counter Claimants, Defendants or other persons or entities own failure to provide payroll or certified payroll information.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Advise and Provide and Opportunity to Remedy)

81. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of the Counter Claimants, Defendants or other persons or entities own failure to advise **LOWE** of any problems with **LOWE's** performance and to allow **LOWE** an opportunity to remedy.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Acceptance and Wavier)

82. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is

KINKLE, RODIGER AND SPRIGGS Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

barred, in whole or in part as a result of the Counter Claimants, Defendants or other persons or entities acceptance of **LOWE's** performance without objection and based upon the Counter Claimants, Defendants or other persons or entities silence and failure to object to **LOWE's** performance constitutes a wavier on the part of Counter Claimants, Defendants or other persons or entities.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Justifiable Reliance)

83. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of justifiable reliance

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to Provide Required Accounting Information)

84. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of the Counter Claimants, Defendants or other persons or entities own failure to provide required accounting information and pricing information.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Acceptance of Provided Payroll or Certified Payroll Information and Failure to Timely Object)

85. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of the Counter Claimants, Defendants or other persons or entities own Acceptance of **LOWE's** Provided Payroll or **LOWE'S** Certified Payroll Information and Counter Claimants, Defendants or other persons or entities own Failure to Timely Object to same.

///
///

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Acceptance of Provided Accounting Information and Failure to Object)

86. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that that the **COUNTER CLAIM** is barred, in whole or in part, as a result of the Counter Claimants, Defendants or other persons or entities own Acceptance of **LOWE's** required accounting information and pricing information and Counter Claimants, Defendants or other persons or entities own Failure to Timely Object to same.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Notice Requirement)

87. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of the Counter Claimants, Defendants or other persons or entities own failure to comply with the notice requirement under the Miller Act or pursuant to a contract term.

## FORTIETH AFFIRMATIVE DEFENSE

### (Negligent and Intentional Misrepresentation and Fraud)

88. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of the Counter Claimants, Defendants or other persons or entities own negligent and intentional misrepresentations and fraudulent actions on which unknowingly justifiably relied.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Make Timely Claims)

89. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the COUNTER CLAIM is barred, in whole or in part, as a result of Counter Claimants' own failure to make timely claims under the Miller Act or pursuant to a contract term.

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Contract Provisions Dictating When Suit May Be Filed)

90. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of contractual provisions specifically stating how and when suit may be filed.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to Comply with Provisions of the Miller Act)

91. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that the **COUNTER CLAIM** is barred, in whole or in part, as a result of Counter Claimants' own failure to comply with the provisions of the Miller Act.

## FORTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Maintain Licenses to Perform Contract)

92. As a further, separate and affirmative defense to the **COUNTER CLAIM**, and each cause of action alleged therein, it is alleged that that the **COUNTER CLAIM** is barred, in whole or in part, as a result of Counter Claimants' own failure to maintain all appropriate and required licenses to allow Counter Claimants to enter onto the subject Contract and perform under the subject Contract.

Wherefore this answering Counter Defendant prays that Counter Claimants take nothing by reason of their Court Claim; that the Court apportion fault in this action among, Counter Claimants, Defendants, Cross-Defendants and all other legally responsible tortfeasors; that Counter Defendant recover its costs of suit incurred herein, including all reasonable attorney's fees; and for such other and further relief as the Court may deem just and proper.

DATED: May 22, 2008

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

_/s/ Wesley D. Hellerud_
WESLEY D. HELLERUD

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF RIVERSIDE        )

I, Lisa Sles, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3333 Fourteenth Street, Riverside, California 92501.

On May 22, 2008, I served the foregoing **ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.** on the interested parties by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Riverside, California, addressed as follows and/or by one of the methods of service as follows:

Stuart D. Hirsch, Esq.
2150 N. Centre City Pkwy.
Escondido, California 92026
Telephone (760) 781-3658
Facsimile (760) 466-2396
Attorneys for Defendant and Cross/Counterclaimant, PALOMAR GRADING AND PAVING, INC.

__X__ **BY MAIL**: I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to C.C.P. 1013(a).

____ **BY FAX**: In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to C.C.P. 1013(e).

____ **BY PERSONAL SERVICE**: I caused to be hand-delivered said document(s) to the office of the addressee, using an attorney service, pursuant to C.C.P. 1011.

____ **BY EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an Express Mail DropBox to be delivered the following business day pursuant to C.C.P. 1013(c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 22, 2008, at Riverside, California.

_____
**Lisa Sles**

KINKLE, RODIGER AND SPRIGGS Professional Corporation

ANSWER OF COUNTER DEFENDANT BILL LOWE DEVELOPMENTS TO COUNTER CLAIM OF PALOMAR GRADING AND PAVING, INC.