1  Joseph N. Casas (SBN 225800)
   Tamara M. Craft  (SBN 234419)
2  CASAS LAW GROUP, P.C.
   2323 Broadway, Suite 202
3  San Diego, CA  92102
   Phone: (619) 692-3146
4  Facsimile: (619) 692-3196
   Email: joseph@casaslaw.com
5

6  Attorney For Defendant
   Cornerstone Building Group
7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  BILL LOWE DEVELOPMENTS, a          CASE NO.  08-CV-0603 JAH (WMc)
    business entity, and THE UNITED
12  STATES OF AMERICA For the Use And  **DEFENDANT PETITION TO COMPEL**
    Beneift Of BILL LOWE              **MEDIATION AND STAY PROCEEDINGS**
13  DEVELOPMENTS                       (9 U.S.C. §§ 3-4)

14        Plaintiff,                   DATE:          September 2, 2008
                                       TIME:          2:30 P.M.
15     vs.                             COURTROOM:     11
                                       JUDGE:         Hon. John A. Houston
16  WESTERN INSURANCE COMPANY, a
    business entity form unknown, ZURICH
17  NORTH AMERICAN SURETY, a business
    entity form unknown,  CORNERSTONE
18  BUILDING GROUP, a California
    corporation, and PALOMAR GRADING
19  AND PAVING, Inc., a California
    Corporation
20
21        Defendants.
22

23        The petition of Defendant Cornerstone Building Group (hereinafter "CBG") under

24  Sections 3 and 4 of the United States Arbitration Act, 9 U.S.C. § 1-15, respectfully shows as

25  follows:

26  //

27  //

28  //

DEFENDANT CORNERSTONE BUILDING GROUP'S PETITION TO COMPEL MEDIATION
AND STAY PROCEEDINGS

CASAS LAW GROUP

**JURISDICITON AND VENUE**

1.      At all times mentioned in this petition, Petitioner Cornerstone Building Group was and is a corporation subject to the laws of the State of California, with its principal office the City of San Diego, County of San Diego, State of California.

2.      At all times mentioned in this Petition, Bill Lowe Developments (hereinafter "BLD"), was and is a sole proprietorship operated by Bill and Susan Lowe, with its principal office in the City of Winchester, County of Riverside, State of California.

3.      Jurisdiction is conferred by Title 40 of the United States Code sections 270 (a) and (b) as amended ("the Miller Act") and by the doctrine of pendent jurisdiction.

4.      Venue is proper in the Southern District of California because the Southern District is the principal place of business and the contract in dispute calls for performance in San Diego, California so that a substantial portion of the events or omissions giving rise to the dispute and this petition occurred in this judicial district.

**BASIS FOR MEDIATION**

5.      On October 6, 2006, Cornerstone Building Group (hereinafter "CBG") and Palomar Grading and Paving, Inc. (hereinafter "Palomar") entered into a written agreement for the performance of certain construction work.  A true and correct copy of the written agreement (hereinafter "Subcontract") is attached to this Petition as Exhibit "A" and incorporated by reference as if fully set forth herein.

6.      A dispute has arisen under the Subcontract between CBG and Palomar in that CBG contends that Palomar failed to provide accurate certified payroll reports, and as a result, CBG had to withhold payment to Palomar.  In contrast, Palomar contends that it submitted accurate certified payroll reports and therefore should be paid for the services rendered.

7.      The certified payrolls in dispute were provided to Palomar from BLD, a tier subcontractor to Palomar under the Subcontract.  BLD contends that the payrolls are complete and accurate, and has failed to revise them according to CBG's requests.

DEFENDANT CORNERSTONE BUILDING GROUP'S PETITION TO COMPEL MEDIATION
AND STAY PROCEEDINGS

8.    The Subcontract provides for mediation and arbitration of disputes by stating in relevant part:

> 15.1 <u>Claims Not Involving Owner</u> – To the extent Subcontractor submits a claim which Contractor determines is one for which Owner may not be liable, or is one which Contractor elects to not allow Subcontractor to further pursue with Owner, or to the extent Contractor has a claim against Subcontractor, the following procedures shall apply and begin within 60 days of notification:
> (a) If the dispute cannot be settled through direct discussions, the parties shall attempt to settle the dispute by mediation before recourse to any other method of dispute resolution. Unless the parties agree otherwise, the mediation shall be conducted in accordance with the Construction Mediation Rules of the American Arbitration Association;
> (b) If mediation does not resolve the dispute, then the parties may agree to resolve the dispute through binding arbitration. If so, the arbitrator(s)' decision shall be enforceable in a court of law and judgment shall be entered in accordance with such decision.
> (c) If mediation does not resolve the dispute and the parties do not agree to resolution by binding arbitration, either party may proceed with any allowable resolution process.

9.    The Subcontract states in section 2.4 that the Subcontract creates a contractual relationship only between Palomar and CBG. Palomar, however, as Subcontractor, is required in section 8.17 to "incorporate all terms of this Subcontract in any subcontracts…with its subcontractors." The parties clearly contemplated that the terms of the Subcontract would flow down to any tier-subcontractors employed to perform work on behalf of Palomar. BLD, as one of those subcontractors, must also consent to mediation for claims against CBG under the Subcontract.

10.    CBG and Palomar attempted to settle the dispute through informal direct discussions. (See, Affidavit of Joseph N. Casas filed concurrently herewith.) Because CBG and Palomar were unable to settle the dispute through direct discussions, the mandatory mediation provision of the Subcontract was triggered.

11.    CBG has not waived and refuses to waive the mediation clause in section 15.1 of the Subcontract. CBG has been and remains ready and willing to proceed to mediation of the dispute.

12.    BLD, however, has failed and refused to comply with or consent to CBG's mediation demand under the Subcontract, and instead filed suit against CBG in federal court.


CASAS**LAW**GROUP

## MEDIATION OF CLAIMS AGAINST CBG SHOULD BE COMPELLED IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT

13.    The Federal Arbitration Act, 9 U.S.C. §§ 1-15 (1988) hereinafter "The Act") defines arbitration as a process that will "settle" the controversy.  9 U.S.C. § 2.  Because the mediation clause in section 15.1 of the Subcontract manifests CBG's and Palomar's intent to provide an alternative method to "settle" controversies arising under their Subcontract, the mediation clause fits within the Act's definition of arbitration.

14.    In actions under a law of the United States, like the Miller Act, section 9 of The Act authorizing federal courts to stay proceedings pending arbitration applies not only when the arbitration agreement is validated by provision of The Act but also when the agreement to arbitrate is validated by applicable state law.  9 U.S.C. §§ 2-3.

15.    According to California Code of Civil Procedure Section 1281, "a written agreement to submit to arbitration of an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."

16.    The mediation clause of the Subcontract is valid, enforceable, and irrevocable because it does not contain any ground for revocation according to California contract law.

17.    Because California state law validates this mediation clause, The Act authorizes this Court to enforce the "valid, irrevocable, and enforceable" mediation clause by staying any court action raising a controversy subject to the mediation agreement, and by compelling the parties to mediate their dispute.  9 U.S.C. §§ 3-4.

//

//

//

//

//

//

DEFENDANT CORNERSTONE BUILDING GROUP'S PETITION TO COMPEL MEDIATION
AND STAY PROCEEDINGS

## **PRAYER FOR RELIEF**

For the reasons set forth above, CBG prays that:

18.     This Court make an order directing that mediation proceed in the manner provided for in the Subcontract attached hereto as Exhibit "A" to this Petition;

19.     Order all proceedings initiated by BLD against CBG stayed until mediation of the matter(s) in dispute is concluded;

20.     CBG be awarded its costs for this proceeding; and

21.     The Court award CBG any and all other relief to which it may be justly entitled.

Respectfully submitted,

Dated:  July 11, 2008                    CASAS LAW GROUP, P.C.

*/s/Joseph N. Casas*
By: Joseph N. Casas
Attorneyfor Defendant
Cornerstone Building Group

DEFENDANT CORNERSTONE BUILDING GROUP'S PETITION TO COMPEL MEDIATION
AND STAY PROCEEDINGS

CASAS**LAW**GROUP

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY and declare under penalty of perjury that I am over the age of 18 and am not a party to this action.  My business address is 2323 Broadway, Suite 202, San Diego, California, 92102.  A copy of the foregoing Reply to Response of Palomar Grading and Paving, Inc., to Petition to Compel Mediation, in Case Number 08-CV-521 JAH (WMc) was served on this date by electronically submitting a copy of the same on the District Court's website, CM/ECF system.

July 11, 2008                                                              */s/Marguerite A. Hutchinson*
                                                                           Marguerite A. Hutchinson
                                                                           Law Clerk for Joseph N. Casas

DEFENDANT CORNERSTONE BUILDING GROUP'S PETITION TO COMPEL MEDIATION
AND STAY PROCEEDINGS

CASAS**LAW**GROUP