Joseph N. Casas (SBN 225800)
Tamara M. Craft (SBN 234419)
CASAS LAW GROUP, P.C.
2323 Broadway, Suite 202
San Diego, CA 92102
Phone: (619) 692-3146
Facsimile: (619) 692-3196
Email: joseph@casaslaw.com

Attorneys For Defendant
Cornerstone Building Group

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

BILL LOWE DEVELOPMENTS, a business entity, and THE UNITED STATES OF AMERICA For the Use And Benefit Of BILL LOWE DEVELOPMENTS

Plaintiff,

vs.

WESTERN INSURANCE COMPANY, a business entity form unknown, ZURICH NORTH AMERICAN SURETY, a business entity form unknown, CORNERSTONE BUILDING GROUP, a California corporation, and PALOMAR GRADING AND PAVING, Inc., a California Corporation

Defendants.

AND RELATED CROSS ACTIONS

CASE NO. 08 CV 0603 LBLM

**DEFENDANT CORNERSTONE BUILDING GROUP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

Date: October 20, 2008
Time: 2:30 p.m.
Courtroom: 11
Judge: Hon. John A. Houston

Complaint Filed: April 2, 2008

1
CASASLAWGROUP
Defendant Cornerstone Building Group's Memorandum of Points and Authorities in Support of Motion to Set Aside Entry of Default 08CV0603 LBLM

# TABLE OF CONTENTS

I. INTRODUCTION........................................................................................ Page 2

II. STATEMENT OF FACTS ........................................................ Page 2

III. THE ENTRY OF DEFAULT AGAINST DEFENDANT CORNERSTONE BUILDING GROUP SHOULD BE SET ASIDE BECAUSE SERVICE WAS IMPROPER AND GOOD CAUSE EXISTS ..................................... Page 6

A. The Entry of Default Against Defendant Cornerstone Building Group Should Be Set Aside Because Service Was Improper.................................................................... Page 6

1. Service was improper under Rule 4 of the Federal Rules of Civil Procedure ............................ Page 7

2. If CBG Had Actual Notice Of The Proceeding, They Were Unaware of The Entry of Default Until After It Was Entered And Did Not Delay in Bringing The Motion To Set Aside........................ Page 8

B. Good Cause Exists to Set Aside The Entry of Default Against Defendant Cornerstone Building Group Because BLD Will Not Be Prejudiced, CBG Has A Meritorious Defense, And CBG's Conduct Did Not Lead To The Default....................................................................... Page 10

1. BLD Will Not Be Prejudiced By Setting Aside the Entry Default........................................................................ Page 11

2. CBG Has A Potentially Meritorious Defense Available .................................................... Page 12

3. CBG's Conduct in Failing to Timely Answer Was Not Culpable ............................................ Page 12

IV. CONCLUSION................................................................... Page 14

TABLE OF AUTHORITIES

**CASES** **PAGES(S)**

NINTH CIRCUIT

*Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000)……………………Page 11

*Cassidy v. Tenorio*, 856 F.2d 1412 (9th Cir. 1988)……………………………………..Page 10

*Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984)……………………………………..Page 10, 11, 12

*Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989)……………………………………Page 12

*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986)……………….…Page 10

*In re Hammer*, 940 F.2d 524 (9th Cir. 1991)………………………………………..…Page 10, 12

*Meadows v. The Dominican Republic*, 817 F.2d 517 (9th Cir. 1987)………………………Page 10

*Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941 (9th Cir. 1986)…………………………Page 10

*Pena v. Segurol La Comercial, S.A.*, 770 F.2d 811 (9th Cir. 1985)……..……………..Page 10, 12

*SEC v. Internet Solutions for Business Inc.*, 509 F.3d 1161 (9th Cir. 2007)……………Page 6, 8, 9

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001)……………………..Page 10

SECOND CIRCUIT

*Burda Media, Inc. v. Viertel*, 417 F.3d. 292 (2d Cir. 2005)……………..………………..Page 8

FIFTH CIRCUIT

*Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985)…………………………………………………………….Page 11

SIXTH CIRCUIT

*Thompson v. American Home Assurance*, 95 F.3d 429 (6th Cir. 1996)……………………Page 11

SEVENTH CIRCUIT

*Bally Export Corp. v. Balicar, Ltd.* 804 F.2d 398 (7th Cir. 1986)…………………………...Page 8

*Jones v. Jones*, 217 F.2d 239 (7th Cir. 1954)…………………………………………………Page 8

*O'Brien v. R.J. O'Brien & Associates Inc.,* 998 F.2d 1394 (7th Cir. 1993)………………..…Page 9

EIGHTH CIRCUIT

*Hicklin v. Edwards*, 226 F.2d 410 (8th Cir. 1955)……………………………………………...Page 9

TENTH CIRCUIT

*In re Stone*, 588 F.2d 1316 (10th Cir. 1978)…………………………………………………..Page 12

DISTRICT COURT

*McManus v. American States Ins. Co.*, 201 F.R.D. 493 (CD Cal. 2000)……………..… Page 6, 10

CALIFORNIA STATE

*Dill v. Berquist Construction Co., Inc.* 24 Cal.App.4th 1426 (1994).…..………………...…Page 7

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 4 ……………………………………………………………………..……Page 6

Fed. R. Civ. P. 55………………………………………………………………………..…Page 6

Fed. R. Civ. P. 55…………………………………………………………...……Page 6, 10

Fed. R. Civ. P. 60…………………………………………………………...………Page 10

**CALIFORNIA CODES**

Code Civ. Proc. § 416.10(b)……………………………………………………………….Page 7

Defendant Cornerstone Building Group ("CBG") hereby appears to move this court to set aside the default entered against CBG and submits the following memorandum of points and authorities in support of its motion to set aside entry of default.

## I. INTRODUCTION

This case involves claims by a tier-subcontract, plaintiff Bill Lowe Developments ("BLD"), against a subcontractor, defendant Palomar Grading and Paving ("Palomar"), against a contractor, defendant Cornerstone Building Group ("CBG"), and the corporate sureties of bonds, defendants Western Insurance Company ("Western") and Zurich North American Surety ("Zurich").

## II. STATEMENT OF FACTS

CBG is a licensed general contractor in the state of California. CBG enters into federal and private construction contracts. (See Affidavit of Esther Castillo in Support of Defendant Cornerstone Building Group's Motion to Set Aside Entry of Default ("Affdvt. EC"), ¶ 3; see also Affidavit of Joseph N. Casas in Support of Defendant Cornerstone Building Group's Motion to Set Aside Entry of Default ("Affdvt.JNC"), ¶ 3.) CBG has an office manager, Esther Castillo, who handles certain bookkeeping functions like calculating accounts receivable and accounts payable, and reviewed certified payroll reports submitted by contractors and subcontractors. (Affdvt. EC, ¶ 4.) Ms. Castillo is also familiar with ongoing projects, both private and federal, between CBG and the project owner. (Affdvt. EC, ¶ 5.) She is familiar with contracts between CBG and subcontractors, and contracts between subcontractors with other subcontractors. (Affdvt. EC, ¶ 5.) She issues payment to other contractors and/or subcontractors at the direction of CBG's President and/or Vice President and reviews certified payroll to ensure subcontractors are paying their employees according to federal prevailing wage rates. (Affdvt. EC, ¶ 5.) If a subcontractor fails to pay its employees according to federal prevailing wage rates, Ms. Castillo notifies CBG's President and Vice President who in turn, and if necessary, notify CBG's attorneys, Casas Law Group, P.C. ("CLG").

///

///

CASASLAWGROUP

On or about September 30, 2006, CBG entered into a contract with the Navy for construction on a Naval facility at 3300 Smart Clinic on Naval Base San Diego, in San Diego California (the "Project"). (Affdvt. EC, ¶ 6; see also Affdvt. JNC, ¶ 4.)

On or about October 6, 2006, CBG entered into a written contract ("Contract") with defendant Palomar Grading and Paving, Inc. ("Palomar") whereby Palomar agreed to perform certain construction services related to the Project. (Affdvt. EC, ¶ 7; see also Affdvt. JNC, ¶ 5.) Included in the Contract are provisions restricting the contractual relationship to include only CBG and Palomar, and requiring Palomar to include all provisions of the Contract in any separate contract with its subcontractors. (Affdvt. EC, ¶ 7; see also Affdvt. JNC, ¶ 5.) Part of the Contract required Palomar to submit certified payroll reports to CBG indicating Palomar was in compliance with federal prevailing wage rates. (Affdvt. EC, ¶ 7; see also Affdvt. JNC, ¶ 5.)

On or about October 16, 2006, Palomar entered into a subcontract ("Subcontract") with plaintiff Bill Lowe Developments ("BLD") whereby BLD agreed to perform construction services related to the Project. (Affdvt. EC, ¶ 8; see also Affdvt. JNC, ¶ 6.) Part of the Subcontract required BLD to submit payroll reports to CBG indicating BLD was in compliance with federal prevailing wage rates. (Affdvt. EC, ¶ 8; see also Affdvt. JNC, ¶ 6.)

Palomar submitted certified payroll reports to CBG. (Affdvt. EC, ¶ 9; see also Affdvt. JNC, ¶ 7.) However, upon review, it was determined thatPalomar had not complied with federal prevailing wage rates. (Affdvt. EC, ¶ 10; see also Affdvt. JNC, ¶ 7.) Ms. Castillo informed CBG's President and Vice President. (Affdvt. EC, ¶ 10.) After multiple futile requests to Palomar to correct the certified payroll reports, CBG then notified CLG. CLG subsequently engaged in a series of discussions with Palomar's attorneys in an attempt to gain Palomar's compliance with federal prevailing wage rates. (Affdvt. EC, ¶ 10; see also Affdvt. JNC, ¶¶ 7-8.)

Palomar disputed they failed to comply with federal prevailing wage rates and sought payment from CBG according to the terms of the Contract. (Affdvt. JNC, ¶ 8.) CBG did not pay based on their belief that Palomar had not complied with federal prevailing wage rates and was in breach of the Contract. (Affdvt. JNC, ¶ 8.) CBG believes it may properly withhold payment under the Subcontract because of Palomar's breach(es). CBG's attorneys unsuccessfully

3

CASASLAWGROUP

Defendant Cornerstone Building Group's Memorandum of Points and Authorities in Support of Motion to Set Aside Entry of Default 08CV0603 LBLM

attempted to resolve the dispute with Palomar. (Affdvt. JNC, ¶ 9.)

To date, Palomar has failed to correct those deficiencies. (Affdvt. EC, ¶ 11.) To date, CBG has not issued payment to Palomar. (Affdvt. EC, ¶ 12.) Palomar filed a lawsuit against CBG in federal court on March 20, 2008. (Affdvt. EC, ¶ 13; see also Affdvt. JNC, ¶ 10.) That lawsuit was ordered to mediation on June 27, 2008 pursuant to a mediation provision in the Contract. (Affdvt. JNC, ¶ 10.) CBG is informed and believes Palomar is withholding payment to BLD in violation of the terms of the Subcontract with BLD. (Affdvt. EC, ¶ 14; see also Affdvt. JNC, ¶ 8.)

BLD submitted certified payroll reports to CBG according to the terms of the Subcontract. (Affdvt. EC, ¶ 15.) Ms. Castillo reviewed BLD's reports and determined BLD had not complied with federal prevailing wage rates. (Affdvt. EC, ¶ 16.) Ms. Castillo informed CBG's President and Vice President. (Affdvt. EC, ¶ 16.) Ms. Castillo later learned through CBG's attorneys that BLD filed a lawsuit against CBG in federal court and that BLD claims Ms. Castillo was served with the summons and complaint on April 9, 2008 at 3590 Kettner Blvd., San Diego, California 92101. (Affdvt. EC, ¶ 17.)

On April 9, 2008, Ms. Castillo was working at CBG's office located at 3590 Kettner Blvd., San Diego, California 92101. (Affdvt. EC, ¶ 18.) Ms. Castillo does not recall being served with the BLD summons and complaint on April 9, 2008, or at any other time. (Affdvt. EC, ¶ 19.) Ms. Castillo does not recall telling anyone she was the authorized to accept service of the summons and complaint on April 9, 2008. (Affdvt. EC, ¶ 20.) To date, Ms. Castillo has not come into possession of the BLD summons and complaint. (Affdvt. EC, ¶ 21.)

Over the last few months, Ms. Castillo personally has experienced tremendous pressure and an increased workload in the last few months. (Affdvt. EC, ¶ 25.) She is aware of the importance of forwarding legal documents to CBG's attorneys and has consistently done so throughout her tenure with CBG. (Affdvt. EC, ¶ 25.) Ms. Castillo disagrees that she was personally served on April 9, 2008. (Affdvt. EC, ¶ 25.) However, if she was, then it was through inadvertence and because of the hectic office environment that she did not forward the summons and complaint to CBG's attorneys. (Affdvt. EC, ¶ 25.)

4

CASASLAWGROUP

Defendant Cornerstone Building Group's Memorandum of Points and Authorities in Support of Motion to Set Aside Entry of Default 08CV0603 LBLM

Until June 2008, CBG's registered agent for service of process was Biz Filings Incorporated, 1232 Q Street, First Floor, Sacramento, California, 95811. (Affdvt. EC, ¶ 22.) This information was available on the website for the California Secretary of State until approximately June 2008. (Affdvt. EC, ¶ 22.) To Ms. Castillo's knowledge, Biz Filings was not served with the BLD summons and complaint because it was not forwarded to CBG. (Affdvt. EC, ¶ 23.)

On or about June 23, 2008, Ms. Castillo was served with Western Insurance's Answer and Cross-claim. (Affdvt. EC, ¶ 24; see also Affdvt. JNC, ¶ 11.) Ms. Castillo forwarded it to CBG's attorneys. (Affdvt. EC, ¶ 24; see also Affdvt. JNC, ¶ 11.)

On or about June 23, 2008, Casas Law Group's paralegal reviewed the BLD proceedings on the court's electronic filing system and informed Mr.Casas that CBG was purportedly served with BLD's complaint. (Affdvt. JNC, ¶ 12.)

On or about July 11, 2008, CBG responded to BLD's summons and complaint by filing and serving a Petition to Compel Mediation. (Affdvt. JNC, ¶ 13.)

On or about August 13, 2008, BLD served their opposition to CBG's Petition to Compel Mediation. (Affdvt. JNC, ¶ 14.) BLD's opposition discussed a Clerk's Entry of Default granted against CBG on or about May 8, 2008. (Affdvt. JNC, ¶ 14.) Both CBG and Casas Law Group were unaware of the Entry of Default at the time the Petition to Compel Mediation was filed. (Affdvt. JNC, ¶ 15.) Upon service of the BLD opposition to CBG's Petition to Compel Mediation, CBG and Casas Law Group became aware for the first time the clerk had entered default against CBG. (Affdvt. JNC, ¶ 15.)

CBG has at all times attempted to resolve the dispute with Palomar. (Affdvt. JNC, ¶ 16.) CBG is informed and believes that BLD is aware of this. (Affdvt. JNC, ¶ 16.)

CBG filed a response to the BLD summons and complaint shortly after discovering CBG was purportedly served. (Affdvt. JNC, ¶ 17.) CBG contests both BLD and Palomar's assertions they were in compliance with the terms of the Contract and Subcontract. (Affdvt. JNC, ¶ 18.)

///

///

///



## III. THE ENTRY OF DEFAULT AGAINST DEFENDANT CORNERSTONE BUILDING GROUP SHOULD BE SET ASIDE BECAUSE SERVICE WAS IMPROPER AND GOOD CAUSE EXISTS

Federal Rule of Civil Procedure 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). However, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In exercising its discretion on a motion to set aside a default, the court will resolve any doubts in favor of granting the motion, based on the general preference for resolving cases on their merits. *McManus v. American States Ins. Co.*, 201 F.R.D. 493 (CD Cal. 2000).

Plaintiff BLD submitted a request for entry of default against defendant CBG on or about May 7, 2008. (See BLD's Request for Entry of Default Against Defendant Cornerstone Building Group.) Default was entered on May 8, 2008 because it was determined that

> It appears from the records in the above-entitled action that Summons issued on the Original Complaint filed 4/2/2008 has been regularly served upon each of the Defendants hereinafter named; and it appears from the records herein that each of the Defendants has failed to plead or otherwise defend in said action as required by said Summons and provided by the Federal Rules of Civil Procedure.

(See Clerk's Entry of Default dated May 8, 2008.)

However, the default judgment entered against CBG on May 8, 2008 should be set aside because the summons and complaint were improperly served on CBG and because there is good cause to set aside the entry of default.

### A. The Entry of Default Against Defendant Cornerstone Building Group Should Be Set Aside Because Service Was Improper.

The court may set aside an entry of default if the pleading on which default was entered was not properly served on the party against whom default was entered. *SEC v. Internet Solutions for Business Inc.*, 509 F.3d 1161 (9th Cir. 2007). The entry of default against CBG should be set aside because CBG was not properly served.

///

6

CASASLAWGROUP

Defendant Cornerstone Building Group's Memorandum of Points and Authorities in Support of Motion to Set Aside Entry of Default 08CV0603 LBLM

Specifically, CBG was not served with the BLD summons and complaint and did not have actual notice of the proceeding until after the default was entered.

1. Service was improper under Rule 4 of the Federal Rules of Civil Procedure.

The default was erroneously entered because service on CBG was improper. "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(e).

Federal Rule of Civil Procedure 4(e)(1) states "(e) [u]nless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. In California, effecting service upon a corporation requires delivery of the summons and complaint to some person on behalf of the corporation. *Dill v. Berquist Construction Co., Inc.* 24 Cal.App.4th 1426, 1437 (1994). Service may be made upon "…a general manager." Code Civ. Proc. § 416.10(b). Service may also be made upon "…any person authorized by the corporation to receive service of process." *Id*. Here, service was improper because a copy of the summons and complaint was not delivered to an officer, managing or general agent, including a general manager under California law, or agent authorized by the corporation by statute to receive service.

BLD filed the complaint on April 2, 2008 and CBG was purportedly served with the summons and complaint on April 9, 2008. BLD filed a Proof of Service of Summons indicating CBG was served by delivering the summons and complaint to Esther Castillo, the authorized person for service, at 3590 Kettner Blvd., San Diego, California 92101. Even assuming Ms. Castillo is a person authorized to accept service on behalf of CBG, including a "general manager"

7

CASASLAWGROUP

Defendant Cornerstone Building Group's Memorandum of Points and Authorities in Support of Motion to Set Aside Entry of Default 08CV0603 LBLM

as defined by California Code of Civil Procedure, the entry of default should be set aside because Ms. Castillo was not served with the summons and complaint.

On April 9, 2008, Ms. Castillo was working at CBG's office located at 3590 Kettner Blvd., San Diego, California 92101. (Affdvt. EC, ¶ 18.) However, Ms. Castillo does not recall being served with the BLD summons and complaint on April 9, 2008, or at any other time. (Affdvt. EC, ¶ 19.) Ms. Castillo does not recall telling anyone she was the authorized to accept service of the summons and complaint on April 9, 2008. (Affdvt. EC, ¶ 20.) To date, Ms. Castillo has not come into possession of the BLD summons and complaint. (Affdvt. EC, ¶ 21.)

Further, CBG's registered agent for service of process was not served. Until June 2008, CBG's registered agent for service of process was Biz Filings Incorporated, 1232 Q Street, First Floor, Sacramento, California, 95811. (Affdvt. EC, ¶ 22.) This information was available on the website for the California Secretary of State until approximately June 2008. (Affdvt. EC, ¶ 22.) To Ms. Castillo's knowledge, Biz Filings was not served with the BLD summons and complaint because it was not forwarded to CBG. (Affdvt. EC, ¶ 23.)

Because a copy of the summons and complaint was not delivered to an officer, a managing or general agent, or any other agent authorized by appointment or by law by CBG to receive service of process, service was improper and the entry of default against CBG must be set aside.

2. <u>If CBG Had Actual Notice Of The Proceeding, They Were Unaware of The Entry of Default Until After It Was Entered And Did Not Delay in Bringing The Motion To Set Aside</u>.

A defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding, but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. *Internet Solutions for Business Inc.*, 509 F.3d at 1163; see also *Burda Media, Inc. v. Viertel*, 417 F.3d. 292, 299 (2d Cir. 2005); *Bally Export Corp. v. Balicar, Ltd.* 804 F.2d 398, 400-01 (7th Cir. 1986) (holding defendants had burden to prove court lacked jurisdiction due to insufficient service of process and pursuant to Illinois long-arm statute); *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir. 1954). A signed return of service constitutes prima facie evidence of

8

CASASLAWGROUP

Defendant Cornerstone Building Group's Memorandum of Points and Authorities in Support of Motion to Set Aside Entry of Default 08CV0603 LBLM

valid service which can be overcome only by strong and convincing evidence. *Internet Solutions for Business Inc.*, 509 F.3d at 1163; *see also O'Brien v. R.J. O'Brien & Associates Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993); *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955).

Here, CBG did not have actual notice of the proceeding until after the default was entered on May 8, 2008. On or about June 23, 2008, CBG was served with Western Insurance's Answer and Cross-claim which CBG forwarded to its attorneys. (Affdvt. EC, ¶ 24; see also Affdvt. JNC, ¶ 11.)

On or about June 23, 2008, CBG's attorneys reviewed the BLD proceedings on the court's electronic filing system discovered that CBG was purportedly served with BLD's complaint. (Affdvt. JNC, ¶ 12.)

On or about July 11, 2008, CBG, unaware the default was entered, responded to BLD's summons and complaint by filing and serving a Petition to Compel Mediation. (Affdvt. JNC, ¶ 13.)

On or about August 13, 2008, BLD served their opposition to CBG's Petition to Compel Mediation. (Affdvt. JNC, ¶ 14.) BLD's opposition discussed a Clerk's Entry of Default granted against CBG on or about May 8, 2008. (Affdvt. JNC, ¶ 14.) Both CBG and Casas Law Group were unaware of the Entry of Default at the time the Petition to Compel Mediation was filed. (Affdvt. JNC, ¶ 15.) Upon service of the BLD opposition to CBG's Petition to Compel Mediation, CBG and Casas Law Group became aware for the first time the clerk had entered default against CBG. (Affdvt. JNC, ¶ 15.)

While CBG may have had actual notice of the proceedings against it, CBG was unaware of the default until on or about August 13, 2008 when BLD served their opposition to CBG's Petition to Compel Mediation. Any delay by CBG in bringing a motion to set aside the entry of default was because CBG did not have notice default was entered. Instead, CBG filed and served a responsive pleading to the BLD summons and complaint.

Because CBG was not served with the BLD summons and complaint and did not have actual notice of the proceeding until after the default was entered, the entry of default should be set aside.

9

CASASLAWGROUP

Defendant Cornerstone Building Group's Memorandum of Points and Authorities in Support of Motion to Set Aside Entry of Default 08CV0603 LBLM

**B. <u>Good Cause Exists to Set Aside The Entry of Default Against Defendant Cornerstone Building Group Because BLD Will Not Be Prejudiced, CBG Has A Meritorious Defense, And CBG's Conduct Did Not Lead To The Default</u>.**

Defaults are disfavored and may be set aside for good cause. Fed. R. Civ. P. 55(c); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). When a default judgment would be set aside, a mere entry of default should also be set aside. *McManus,* 201 F.R.D. 493 (CD Cal. 2000).

The "good cause" standard for setting aside an entry of default alone, not a default judgment, is slightly more favorable to the party in default. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (where "[t]he standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default [judgment]"). A district court may set aside a default judgment "in accordance with" Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c). Thus, any default, whether entry or judgment, can be set aside when the party in default establishes "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b); see also *McManus,* 201 F.R.D. 493 (CD Cal. 2000). These grounds should be "liberally interpreted when used on a motion for relief from an entry of default." *Hawaii Carpenters' Trust Funds*, 794 F.2d at 513. The "court's discretion is especially broad" when considering whether to set aside an entry of default, rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

This standard for set aside is not met, and a motion to set aside default can be denied, when "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *In re Hammer*, 940 F.2d 524, 525-526 (9th Cir. 1991); *Meadows v. The Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (citing *Pena v. Segurol La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) and *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)). This tripartite test is disjunctive. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Hence, the trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default. *In re Hammer*, 940 F.2d at 526 citing *Meadows*, 817 F.2d at 821; *Pena*, 770 F.2d at 814.

1. <u>BLD Will Not Be Prejudiced By Setting Aside the Entry Default</u>.

"The standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463; *see also Thompson v. American Home Assurance*, 95 F.3d 429, 433-34 (6th Cir. 1996) (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"). A default judgment gives the plaintiff something of a windfall by sparing the plaintiff from litigating the merits of the claim because of its opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation. *See Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must litigate on the merits).

Here, BLD will not be prejudiced by setting aside the entry of default. BLD has the ability to continue to pursue its claim against CBG. There is no tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. The parties' behavior is defined by the Contract, the Subcontract, and the law relating to BLD's claims and any affirmative defenses CBG can raise. The evidence appears to be primarily documentary and potentially in the possession of other defendants. BLD's entry of default spares them from litigating the merits of their claim and prevents CBG from presenting its own evidence that BLD's claims are not meritorious. Setting aside the entry of default restores CBG to an even footing in the litigation and allows both CBG and BLD to engage in the litigation process.

Further, CBG did not become aware of the entry of default until August 13, 2008. (Affdvt. JNC, ¶ 15.) Prior to discovery of the default, CBG had filed a responsive pleading, a Petition to Compel Mediation. (Affdvt. JNC, ¶ 13.) When the entry of default was discovered, after CBG filed the Petition to Compel Mediation, CBG took immediate steps to set aside the default by taking the Petition to Compel Mediation off calendar and by filing and serving this motion. Any delay in the proceedings related to setting aside the entry of default is minor and merely precludes BLD from gaining a quick victory. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985) ("the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require

11

CASASLAWGROUP

Defendant Cornerstone Building Group's Memorandum of Points and Authorities in Support of Motion to Set Aside Entry of Default 08CV0603 LBLM

denial of a 60(b)(1) motion").

Thus, forcing BLD to litigate on the merits cannot be prejudicial for the purposes of setting aside the entry of default.

2. CBG Has A Potentially Meritorious Defense Available.

CBG has a potentially meritorious defense available. *Falk*, 739 F.2d at 463; s*ee, e.g.*, *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (explaining that the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible").

CBG contests both BLD and Palomar's assertions they were in compliance with the terms of the Contract and Subcontract. (Affdvt. JNC, ¶ 18.) CBG has a potentially meritorious defense that BLD failed to perform according to the terms and conditions of the Subcontract and was itself in breach.

Further, there is no privity between CBG and BLD. On or about October 6, 2006, CBG entered into the Contract with Palomar whereby Palomar agreed to perform certain construction services related to the Project. (Affdvt. EC, ¶ 7; see also Affdvt. JNC, ¶ 5.) Included in the Contract are provisions restricting the contractual relationship to include only CBG and Palomar, and requiring Palomar to include all provisions of the Contract in any separate contract with its subcontractors. (Affdvt. EC, ¶ 7; see also Affdvt. JNC, ¶ 5.) On or about October 16, 2006, Palomar entered into a separate subcontract ("Subcontract") with plaintiff Bill Lowe Developments ("BLD") whereby BLD agreed to perform construction services related to the Project. (Affdvt. EC, ¶ 8; see also Affdvt. JNC, ¶ 6.) CBG has a potentially meritorious defense that BLD's claim against CBG is precluded because there is no privity of contract. Because CBG has a potentially meritorious defense, the motion to set aside the entry of default should be granted.

3. CBG's Conduct in Failing to Timely Answer Was Not Culpable.

A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint. *Gregorian v. Izvestia,* 871 F.2d 1515, 1523 (9th Cir. 1989); *Pena*, 770 F.2d at 815. If the defendant's culpable conduct led to the default, the motion to set aside can be denied. *In re Hammer*, 940 F.2d at 525-526. Here, CBG's conduct in

failing to timely answer was not culpable.

CBG became aware it was a defendant in the BLD matter on or about June 23, 2008 when CBG's office manager was served with Western Insurance's Answer and Cross-claim, which was then forwarded to CBG's attorneys, Casas Law Group. (Affdvt. EC, ¶ 24; see also Affdvt. JNC, ¶ 11.) On or about June 23, 2008, CBG's attorneys reviewed the BLD proceedings on the court's electronic filing system and discovered CBG was purportedly served with BLD's complaint. (Affdvt. JNC, ¶ 12.)

Upon discovering they were purportedly served, CBG quickly responded by filing and serving a Petition to Compel Mediation on or about July 11,2008. (Affdvt. JNC, ¶ 13.) CBG was unaware the default was entered and believed the Petition to Compel Mediation was CBG's responsive pleading to the BLD complaint.

On or about August 13, 2008, BLD served their opposition to CBG's Petition to Compel Mediation. (Affdvt. JNC, ¶ 14.) BLD's opposition discussed a Clerk's Entry of Default granted against CBG on or about May 8, 2008. (Affdvt. JNC, ¶ 14.) Both CBG and its attorneys were unaware of the Entry of Default at the time the Petition to Compel Mediation was filed. (Affdvt. JNC, ¶ 15.) Upon service of the BLD opposition to CBG's Petition to Compel Mediation, CBG became aware for the first time the clerk had entered default against it. (Affdvt. JNC, ¶ 15.)

CBG did not willfully and intentionally fail to answer. In fact, upon learning about the lawsuit, CBG quickly responded by filing the Petition to Compel Mediation. When CBG discovered there was a default entered, they took timely steps to request the court set aside the entry of default. CBG has attempted to defend BLD's allegations. CBG put BLD on notice they intended to defend when they filed the Petition to Compel Mediation. CBG wants to defend, has attempted to defend, and has not engaged in culpable conduct that should preclude the court from setting aside the entry of default.

In sum, BLD will not suffer prejudice by setting aside the entry of default, CBG has potentially meritorious defenses, and CBG's culpable conduct did not lead to the default. Accordingly, the entry of default should be set aside.

///

## IV. CONCLUSION

For the foregoing reasons, defendant Cornerstone Building Group respectfully requests the court set aside the default entered against it on May 8, 2008.

Dated:  September 9, 2008                         Respectfully Submitted,

                                                  CASAS LAW GROUP, P.C.

                                                   /s/ Joseph N. Casas

                                                  By: Joseph N. Casas / Tamara M. Craft
                                                  Attorneys for Defendant
                                                  Cornerstone Building Group