Joseph N. Casas (SBN 225800)
Tamara M. Craft (SBN 234419)
CASAS LAW GROUP, P.C.
2323 Broadway, Suite 202
San Diego, CA 92102
Phone: (619) 692-3146
Facsimile: (619) 692-3196
Email: joseph@casaslaw.com

Attorneys For Defendant
Cornerstone Building Group

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL LOWE DEVELOPMENTS, a business entity, and THE UNITED STATES OF AMERICA For the Use And Benefit Of BILL LOWE DEVELOPMENTS<br><br>    Plaintiff,<br><br>    vs.<br><br>WESTERN INSURANCE COMPANY, a business entity form unknown, ZURICH NORTH AMERICAN SURETY, a business entity form unknown, CORNERSTONE BUILDING GROUP, a California corporation, and PALOMAR GRADING AND PAVING, Inc., a California Corporation<br><br>    Defendants.<br><br>AND RELATED CROSS ACTIONS | CASE NO. 08 CV 0603 LBLM<br><br>**AFFIDAVIT OF JOSEPH N. CASAS IN SUPPORT OF DEFENDANT CORNERSTONE BUILDING GROUP'S MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT**<br><br>Date:        October 20, 2008<br>Time:       2:30 p.m.<br>Courtroom: 11<br>Judge:      Hon. John A. Houston<br><br>Complaint Filed:    April 2, 2008 |



AFFIDAVIT OF JOSEPH N. CASAS

Joseph N. Casas, being duly sworn, deposes and states:

1. I, Joseph N. Casas, am the attorney for Cornerstone Building Group. I am fully competent to make this affidavit, have personal knowledge of the facts stated herein, and, to my knowledge, all of the facts stated in this affidavit are true and correct.

2. I make this affidavit in support of defendant Cornerstone Building Group's ("CBG") Motion to Set Aside Entry of Default.

3. CBG is a licensed general contractor in the state of California. CBG enters into federal and private construction contracts.

4. On or about September 30, 2006, CBG entered into a contract with the Navy for construction on a naval facility (the "Project").

5. On or about October 6, 2006, CBG entered into a written contract ("Contract") with defendant Palomar Grading and Paving, Inc. ("Palomar") whereby Palomar agreed to perform certain construction services related to the Project. (A true copy is attached to this Affidavit as Exhibit "A" and incorporated by reference.) Included in the Contract are provisions restricting the contractual relationship to include only CBG and Palomar, and requiring Palomar to include all provisions of the Contract in any separate contract with its subcontractors. Part of the Contract required Palomar to submit payroll reports to CBG indicating Palomar was in compliance with federal prevailing wage rates.

6. On or about October 16, 2006, Palomar entered into a subcontract ("Subcontract") with plaintiff Bill Lowe Developments ("BLD") whereby BLD agreed to perform construction services related to the Project. (A true copy is attached to this Affidavit as Exhibit "B" and incorporated by reference.) Part of the Subcontract required BLD to submit payroll reports to CBG indicating BLD was in compliance with federal prevailing wage rates.

7. Both Palomar and BLD submitted payroll reports to CBG. CBG subsequently determined that both Palomar and BLD failed to comply with federal prevailing wage rates and CBG forwarded that information to me.

///



8. Palomar disputed they failed to comply with federal prevailing wage rates and sought payment from CBG according to the terms of the Contract. CBG did not pay based on their belief that Palomar had not complied with federal prevailing wage rates and was in breach of the Contract. I am informed and believe that Palomar is withholding payment to BLD in violation of the terms of the Subcontract with BLD.

9. I made numerous informal attempts to settle this dispute with Palomar. However, these discussions were unsuccessful.

10. Palomar filed a complaint against CBG on March 20, 2008. CBG filed a Petition to Compel Mediation and that lawsuit was ordered to mediation on June 27, 2008 pursuant to a mediation provision in the Contract.

11. On or about June 23, 2008, CBG's office manager, Esther Castillo, was apparently served on behalf of defendant Cornerstone-Barnhart with Western Insurance Company's Answer, Cross-claim. Ms. Castillo forwarded those documents to my office.

12. On or about June 23, 2008, my paralegal reviewed the BLD proceedings on the court's electronic filing system and informed me that CBG was purportedly served with BLD's complaint.

13. On or about July 11, 2008, CBG responded to BLD's summons and complaint by filing and serving a Petition to Compel Mediation.

14. On or about August 13, 2008, BLD served their opposition to CBG's Petition to Compel Mediation. BLD's opposition discussed a Clerk's Entry of Default granted against CBG on or about May 8, 2008.

15. Both CBG and Casas Law Group were unaware of the Entry of Default at the time the Petition to Compel Mediation was filed. Upon service of the BLD opposition to CBG's Petition to Compel Mediation, CBG and Casas Law Group became aware for the first time the clerk had entered default against CBG.

16. CBG has at all times attempted to resolve the dispute with Palomar. CBG is informed and believes that BLD is aware of this.

///

17. Shortly after discovering CBG was purportedly served, CBG responded to the BLD summons and complaint by filing a Petition to Compel Mediation.

18. CBG contests both BLD and Palomar's assertions they were in compliance with the terms of the Contract and Subcontract.

I signed this affidavit on September 9, 2008 at San Diego, California.

 /s/ Joseph N. Casas_____
Joseph N. Casas



4
Affidavit of Joseph N. Casas In Support of Cornerstone Building Group's
Motion to Set Aside Entry of Default            08CV0603 LBLM